CZIGLER, APPELLEE, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLANTS.

(No. 9215 — Decided September 10, 1985.)

*Yitzhak Czigler, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Cheryl J. Nester,* for appellants Administrator and Board of Review.

*Pickrel, Schaeffer & Ebeling, John J. Heron* and *Jon M. Rosemeyer,* for appellant Hillel Academy of Dayton, Inc.

MCBRIDE, J. This appeal turns on construction of that part of R.C. 4141.01 (B)(3)(h) and (i) of the unemployment compensation law, which provides:

" 'Employment' does not include * * * [s]ervice performed * * * in an organization which is operated *primarily* for religious purposes *and* which is operated, supervised, controlled, or principally supported by a church *or* convention *or* association of churches." (Emphasis added.)

In reversing a decision of the Board of Review of the Ohio Bureau of Employment Services, the court of common pleas ruled that the employer, Hillel Academy, was not exempt because its curriculum of religious instruction was secondary to secular subjects taught at the school. We do not agree with this construction of the language of the exemption.

"Primarily" is an adverb and, as the word implies, it modifies the verb "operated." It has no purpose or im-

plication in this sentence as to the relative proportion of subject matter of a religious nature that must be provided. Hillel Academy is a school. It provides a secular education along with a heavy schedule of Hebrew and religious education and practices. The exemption statute simply requires that the purpose of the organization and its operation or support be primarily religiously oriented in the conduct of its activity. This exemption statute does not require or suggest the weighing of hours of secular and religious instruction or other activity. The appellee, who as a teacher there should know, indicates that of the seven hours of instruction two were devoted to religion-related subjects. Whether one or the other constitutes a majority of hours of instruction is irrelevant.

The exemption is determined by the purpose of the existence and operation of the school. If that purpose be primarily of a religious nature, the exemption applies without regard to the proportion of time devoted to religious instruction. As indicated, "primarily" modifies the purpose of the operation, not the relative amount of religious activity or instruction.

The legislature has seen fit not to challenge the Constitution by entering into the quagmire of proportionality of interference in religious affairs by creating a blanket exemption of organizations operated with a religious purpose and whose operation is subject to the control or supported principally by a church or association of churches. Accordingly, no constitutional question arises in this case. Any possible violation of the First Amendment is intentionally and expressly avoided in unemployment compensation cases.

The conclusion of the court of common pleas that Hillel Academy is primarily a school cannot be disputed. However, confusion of "primarily" with the nature or extent of the activities by which the organization carries out its primary religious purpose is not justified by the language of the statute. The test is not the activities but the purpose for which they are operated and conducted.

This construction is dispositive of this appeal, requires a reversal of the judgment of the court of common pleas, and an affirmation of the denial of unemployment compensation; however, for those who may be interested, some background on the case may be helpful and, of necessity, this court must resolve the individual assignments of error by both appellants, Hillel Academy and the administrator and board of review.

Claimant was a teacher of Hebrew and Jewish religious subjects at Hillel Academy from 1963 until June 11, 1983. Upon termination, he applied for unemployment benefits, which were denied until he reached the beginning of the appellate process. The denials were based upon the conclusion that he was not in employment covered by the law.

The transcript of the hearing before the board of review consists only of claimant's testimony and letters. Beginning with an admission in claimant's application for administrative reconsideration, it is undisputed that Hillel Academy "is an educational institution operated by a religious organization * * *." Claimant did not know the form of the organization, but the school was sponsored by the Jewish congregations in the community, each of which selected an ex officio rabbi as a member of a board of directors that included other members exclusively from the represented church congregations. One of the claimant's exhibits was a letter from the assistant principal of the academy, one Rabbi Stanley Peerless. The operating funds came from tuition, a Jewish community fund, contributions, fund raisers such as bingo and raffles and personal solicitation. Traditional holidays and Jewish holy days were recognized. Students were exclusively of the same faith as a result of

the mandatory study of Hebrew and religion, which occupied a substantial portion of the subjects studied. The admission that the school was a "religious institution" again appears at the hearing.

The evidence was overwhelming and undisputed that Hillel Academy was a pervasively religious educational institution operated, conducted and financed exclusively by the Jewish community for the purpose of preserving its religious traditions and practices. This was and is the "primary" purpose of the operation of Hillel Academy.

The argument of the claimant-appellee is that it was morally wrong to terminate his employment as a religious instructor without unemployment relief. This argument injects the constitutional trap which the legislature avoided by exempting such religious institutions in unemployment cases.

Hillel Academy is recognized by the state of Ohio as an elementary and high school and it provides subjects mandated by the state. In addition, it requires religious subjects common to the faiths and practices within the separate Jewish congregations. Hebrew and religious subjects are not the primary subjects of study but they are a substantial portion of the curriculum and required of all students. This is not a rabbinical school, but it is primarily designed for religious purposes.

Having found that the court of common pleas erred as a matter of law in finding that Hillel Academy was not operated primarily for religious purposes, the first assignment of error of Hillel Academy and the second assignment of the administrator are sustained. This is determinative and requires reversal of the judgment.

The second assignment of the academy and the first and third assignments of the administrator are similarly sustained as error. However, although there is no express finding that the board of review's decision was unlawful, the court of common pleas in effect so found.

A jurisdictional question, while not material in this case, is more difficult. The board of review limited its hearing and decision to the issue of eligibility by the claimant employed in an exempt organization. It never reached or decided the secondary issue of the right of the claimant to compensation, if he were eligible. Since the court of common pleas reversed and found claimant eligible and then proceeded to award compensation, an issue not resolved by the board of review, appellants advance a claim of loss of jurisdiction by the court of common pleas on the second issue.

This is not a jurisdictional question as to subject matter. To hold otherwise would require additional hearings and appeals in such cases when jurisdiction is apparent. If anything, there could be no more than simple error which was not asserted here. Other reasons may be found to support an award, if claimant were eligible, such as the failure of all parties to raise the secondary issue in the administrative hearings. There was, however, no testimony in this record on a secondary issue, such as the reasons for termination.

We have considered the various authorities cited by the parties including among others the local cases of *State* v. *Whisner* (1976), 47 Ohio St. 2d 181 [1 O.O. 3d 105], and *Dayton Christian Schools, Inc.* v. *Ohio Civil Rights Comm.* (C.A. 6, 1985), 766 F. 2d 932. These two cases reflect the First Amendment entanglements that arise when states engage in efforts to control schools operated primarily for religious purposes.

It was just such entanglements which the legislature sought, we believe successfully, to avoid by the Ohio Bureau of Employment Services. R.C. 4141.01. Further development of our view may be found in *St. Edmunds* v.

*Bur. of Emp. Serv.* (Feb. 14, 1975), Franklin C.P. No. 73 CV-07-2539, unreported, and in other cases cited by the appellants. These cases apply a liberal construction of religious purposes to avoid potentially serious entanglement by the state in violation of the Establishment Clause of the First Amendment. They confirm the rationale of this opinion when applied to other than school activities.

For the foregoing reasons, we find that the judgment of an award of unemployment compensation by the court of common pleas is contrary to law and inconsistent with the evidence in this case.

The judgment of the court of common pleas will be reversed. The decision and order of the board of review will be affirmed.

*Judgment reversed.*

BROGAN, P.J., and WOLFF, J., concur.

MCBRIDE, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.