**BACH, Appellant,**

**v.**

**STEINBACHER et al., Appellees.**

[Cite as *Bach v. Steinbacher* (1992), 80 Ohio App.3d 461.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910363.

Decided June 3, 1992.

*Sue Livensparger,* for appellant.

*David Lefton,* for appellee Roberta Steinbacher.

*Clark & Eyrich, L.P.A.,* and *Charles H. Tobias, Jr.,* for appellee Hebrew Union College—Jewish Institute of Religion.

*Per Curiam.*

The plaintiff-appellant, Elizabeth Bach, appeals from the trial court's affirmance of the order of the Unemployment Compensation Board of Review ("board") which held that she was not eligible to receive unemployment compensation benefits. In her single assignment of error, Bach argues (1) that the defendant-appellee, Hebrew Union College–Jewish Institute of Religion ("HUC"), is not entitled to the church-related exemption incorporated into the Ohio Unemployment Compensation Act ("Act"), and (2) that the process used by the Ohio Bureau of Employment Services ("OBES") to exempt HUC from coverage under the Act is unlawful. For the reasons which follow, the judgment of the trial court is affirmed.

On January 26, 1987, Bach was hired by HUC to perform various clerical and secretarial duties. Several months later, on November 20, 1987, Bach's position with HUC was eliminated when the college went through a period of reorganization. On the same day, Bach submitted a claim to OBES seeking unemployment compensation benefits. The Administrator of OBES ("Administrator") denied Bach's claim and her request for reconsideration. Bach appealed this decision to the board, which affirmed the Administrator's denial of benefits. Bach then appealed to the Hamilton County Court of Common Pleas pursuant to R.C. 4141.28(O), and the court held in an entry dated April 10, 1991, that the decision of the board was not unlawful, unreasonable or against the manifest weight of the evidence.

On appeal to this court, Bach alleges in her single assignment of error that the trial court erred when it affirmed the board's decision that Bach's employment as a data processor at HUC was not "covered employment" for purposes of unemployment compensation eligibility. This assignment is overruled.

The dispute in the instant case turns upon the parties' differing interpretations of R.C. 4141.01(B)(3)(h)(i), which states:

" 'Employment' does not include * * * [s]ervice performed * * * [i]n the employ of a church or convention or association of churches, or in an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches[.]"

Bach asserts, *inter alia,* that her position with HUC was "covered employment" under the Act because the college did not operate primarily for religious purposes, but, instead, was an institution offering higher education. Bach points out that HUC's employees are subject to federal, state and local income taxes and Social Security tax, and that its students receive some form

of federal financial aid. Moreover, Bach relies on *St. Martin Evangelical Lutheran Church v. South Dakota* (1981), 451 U.S. 772, 101 S.Ct. 2142, 68 L.Ed.2d 612, as authority for her argument that HUC is not entitled to the exemption because its legal identity is separate from a "church or convention or association of churches."

On the other hand, HUC and the Administrator claim that the college is operated primarily for religious purposes, *i.e.*, to "train rabbis for the reform movement," and that it is supervised and supported by the Union of American Hebrew Congregations.

The meager record in the instant case reveals that Bach was employed as a word processor by HUC; that her position did not require her to perform any religious duties; that HUC is a rabbinical seminary which ordains rabbis and which also offers a graduate program in Biblical and other religious studies; that HUC is connected to a national association known as the Union of American Hebrew Congregations ("Union"), and that the Union is "the body by which rabbis would be ordained to serve the movement or to serve the congregations."

In reviewing this matter, we note initially that Bach's reliance on *St. Martin, supra,* is misplaced. In that case, the United States Supreme Court held that two parochial schools were entitled to the church-related exemption because they did not have a separate legal existence from a church. In rendering its decision, the court examined and analyzed Section 3309(b)(1)(A), Title 26, U.S.Code,[1] which provides that employment does not apply to "service performed (1) in the employ of (A) a church or convention or association of churches, or (B) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches[.]" *Id.*, 451 U.S. at 774, 101 S.Ct. at 2144, 68 L.Ed.2d at 615. The court, however, did not interpret the language set forth in Section 3309(b)(1)(B), which is similar and relevant to the statutory provision at issue in the instant case. We conclude, therefore, that *St. Martin* is of little use in resolving this appeal. Although the law in Ohio on this issue is somewhat limited, one court, in *Czigler v. Ohio Bur. of Emp. Serv.* (1985), 27 Ohio App.3d 272, 27 OBR 316, 501 N.E.2d 56, has construed R.C. 4141.01(B)(3)(h) and (i) to mean that the exemption from state unemployment compensation laws is to be determined by the purpose of the existence and operation of the school. "If that purpose be primarily of a religious nature, the exemption applies without regard to the proportion of the time devoted to religious instruction." *Id.* at 273, 27 OBR at 316, 501 N.E.2d at 57.

---

1. A similar South Dakota statute was also reviewed and scrutinized by the court.

In the case *sub judice*, the record contains evidence that HUC is a pervasively religious educational institution which is connected to the Union and exists for the primary purpose of ordaining rabbis to serve a religious cause. Under these circumstances, we are unable to say that the board's decision, *i.e.*, that Bach's position with HUC was not covered employment, was unlawful, unreasonable or against the manifest weight of the evidence, or that the trial court abused its discretion in affirming that decision. *Angelkowski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

Bach also argues that the procedure utilized by OBES to exempt HUC from coverage under the Act is unlawful. Bach claims that the agency's decision is unrebuttable in subsequent appeals by individual claimants; that employees are not given notice of an employer's application for exempt status or afforded an opportunity to contest it before the exemption is granted; and that employees who go to work at an exempt organization are not given prior notice that they are ineligible for unemployment compensation.

Ohio Adm.Code 4141–5–04 provides that an organization seeking to be excluded from unemployment compensation liability as an employer must submit a form to the Administrator requesting that status. Clearly, then, pursuant to this provision, the only parties subject to this process are the employer and the Administrator. Contrary to Bach's contention, a claimant may still successfully challenge a finding that her employment is exempt if, in fact, the evidence submitted to the Administrator or board does not support such a determination. Moreover, Bach's bare assertions that she was entitled to be notified of or included in the exclusion process under Ohio Adm.Code 4141–5–04 is unsupported by any authority in law and would, as we see it, create needless administrative delays and expense. Similarly, although a prospective employee at HUC would certainly value notice of his or her ineligibility for unemployment compensation, we are unaware of any authority, and Bach has failed to offer any law on the issue, which would require an employer to inform the employee of its exempt status.

Accordingly, on the facts of this case, we hold that the decision of the board was supported by competent, credible evidence, and that the trial court, in affirming that decision, did not abuse its discretion. *Barlion v. Ohio Bur. of Emp. Serv.* (May 1, 1991), Hamilton App. No. C–900035, unreported, 1991 WL 70116.

The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ., concur.