MILLER, Appellant,

v.

STS. PETER AND PAUL SCHOOL et al., Appellees.

[Cite as *Miller v. Sts. Peter & Paul School* (1998), 126 Ohio App.3d 762.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 97–T–0023.

Decided March 23, 1998.

*Barbara J. Angelo,* for appellant.

*Patty A. Knepp,* for appellee Sts. Peter and Paul School.

*Mary Beth Houser,* for appellee Diocese of Youngstown.

*Betty D. Montgomery,* Attorney General, and *Charlett Bundy,* Assistant Attorney General, for appellee Ohio Bureau of Employment Services.

---

CHRISTLEY, Presiding Judge.

This is an accelerated appeal from the Trumbull County Court of Common Pleas. Appellant, Carol J. Miller, appeals from a judgment entry affirming the decision of the Ohio Unemployment Compensation Board of Review denying appellant unemployment benefits.

Appellant taught at appellee Sts. Peter and Paul School. Upon the end of her tenure with the school, appellant applied for unemployment compensation, and her request was disallowed. Appellant filed a request for reconsideration of the denial, and the disallowance was affirmed. Appellant then appealed to the board of review, which affirmed the administrator's determination that appellant was ineligible for unemployment compensation. On July 25, 1995, the board of review disallowed appellant's application to institute further appeal of the decision.

Pursuant to R.C. 4141.28(O)(1), appellant appealed the board of review's decision to the Trumbull County Court of Common Pleas on August 22, 1995. The case was assigned to Judge Stuard. Appellee Ohio Bureau of Employment Services ("OBES") filed a motion to dismiss, which was subsequently joined by the school and appellee Diocese of Youngstown.

On August 12, 1996, Judge McLain, sitting by assignment for Judge Stuard, issued a judgment entry reversing and vacating the decision of the board of review, finding that the school was not operated primarily for religious purposes. Consequently, the court held that the school was not exempt from furnishing

unemployment compensation to its employees. Furthermore, the matter was remanded to OBES to determine whether the school or the church was appellant's employer.

On August 14, 1996, OBES filed a motion to reconsider the court's judgment. In a subsequent entry signed by Judge Stuard, the court held that the judgment entry filed on August 12, 1996 was "improvidently granted." The court further overruled appellees' motion to dismiss and set a briefing schedule to consider the merits of appellant's appeal from the decision of the board of review.

The parties filed briefs on the legal issues involved. In a judgment entry filed on January 6, 1997, the court held that the decision of the board of review was supported by competent, credible evidence, was not unlawful or unreasonable, and was not against the manifest weight of the evidence. Appellant timely filed a notice of appeal and asserts the following as error:

"[1.] The lower court abused its discretion when it granted the motion for reconsideration after a final judgment entry had entered from such court.

"[2.] The lower court abused its discretion when it determined that the [d]ecision of the Board of Review is not unlawful, unreasonable or against the manifest weight of the evidence."

█ In the first assignment of error, appellant asserts that the court of common pleas erred by considering appellees' motion for reconsideration, because such a motion is a nullity under the Ohio Rules of Civil Procedure. *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 380, 21 O.O.3d 238, 239, 423 N.E.2d 1105, 1107; see, also, *Anderson v. Anderson* (Nov. 21, 1997), Ashtabula App. No. 97–A–0030, unreported, at 8, 1997 WL 752622. However, this court has held that "[t]he Rules of Appellate Procedure can be applied to administrative appeals when they are relevant and not in conflict with Chapter 2505 of the Revised Code. See R.C. 2505.03(B)." *Trickett v. Randolph Twp. Bd. of Zoning Appeals* (Aug. 18, 1995), Portage App. No. 94–P–0007, unreported, at 12–13. In other words, the court of common pleas was not functioning as a trial court, but as an appellate court. As a result, the Appellate Rules apply, and the court of common pleas could properly consider appellees' motion for reconsideration pursuant to App.R. 26(A). That rule recognizes an application for reconsideration and requires that it be filed within ten days of the announcement of the court's decision.

Appellees filed a motion for reconsideration just two days after Judge McLain's judgment entry was filed. Therefore, the motion for reconsideration was appropriate and was not a nullity. Appellant's first assignment of error is not well taken.

■ In the second assignment of error, appellant contends that the court of common pleas erred by affirming the decision of the board of review denying her application for unemployment benefits. The court of common pleas may reverse or vacate the decision of the board of review only if "the decision was unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.28(O)(1). Our standard of review of the judgment of the court of common pleas is whether the court abused its discretion. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 243–244, 463 N.E.2d 1280, 1282–1283.

R.C. 4141.01(B)(3)(h)(i) states that an unemployment compensation claimant is not eligible for benefits if she worked "[i]n the employ of a church or convention or association of churches, or in an organization which is *operated primarily for religious purposes* and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches." (Emphasis added.)

Therefore, the primary substantive legal issues in the instant matter are first, whether appellant's employer was an organization "operated primarily for religious purposes," and, second, whether appellant's employer was an entity that was "supervised, controlled, or principally supported by a church."

As a preliminary matter, we reject appellant's assertion that her employer was the Diocese of Youngstown. The board of review decided that "[t]he record is clear that [appellant] was not employed by [the] Diocese of Youngstown during her base period." We agree. Sister Margaret Mary Schima, principal of the school, testified before the board of review that appellant had never been employed by the Diocese of Youngstown. Further, Thomas Welsch, personnel director with the Diocese of Youngstown Department of Education, testified that appellant was not employed by the Diocese of Youngstown during her base period for determining unemployment compensation. Therefore, the board of review's finding that appellant was not employed by the Diocese of Youngstown is supported by ample competent, credible evidence.

■ However, a question still remains with respect to whether appellant's employer was Sts. Peter and Paul Church or the school. The board of review did not answer this question and merely stated that regardless of which of the two entities was appellant's employer, appellant still would not be eligible for unemployment benefits pursuant to the exemption in R.C. 4141.01(B)(3)(h)(i).

In interpreting R.C. 4141.01(B)(3)(h)(i), the court in *Czigler v. Ohio Bur. of Emp. Serv.* (1985), 27 Ohio App.3d 272, 272–273, 27 OBR 316, 316, 501 N.E.2d 56, 57, explained:

" 'Primarily' is an adverb and, as the word implies, it modifies the verb 'operated.' It has no purpose or implication in this sentence as to the relative proportion of subject matter of a religious nature that must be provided. \* \* \* The exemption statute simply requires that the purpose of the organization and its operation or support be primarily religiously oriented in the conduct of its activity. This exemption statute does not require or suggest the weighing of hours of secular and religious instruction or other activity. \* \* \* Whether [secular or religious instruction] constitutes a majority of hours of instruction is irrelevant.

"The exemption is determined by the purpose of the existence and operation of the school. If that purpose be primarily of a religious nature, the exemption applies without regard to the proportion of time devoted to religious instruction. As indicated, 'primarily' modifies the purpose of the operation, not the relative amount of religious activity or instruction."

Black's Law Dictionary (6 Ed.Rev.1991) 1190, defines "primary" as "[f]irst; principal; chief; leading. First in order of time, or development, or in intention." It also defines "primary purpose" as "[t]hat which is first in intention; which is fundamental. The principal or fixed intention with which an act or course of conduct is undertaken." *Id.* at 1191.

In the present matter, the board of review held that "[t]he primary purpose of the school was teaching Catholic doctrine and perpetuating the Byzantine Rite. That purpose is clearly a religious purpose." Although a credible argument may be made that the primary purpose of the school is to educate children in all subjects, including religion, the court of common pleas did not abuse its discretion in affirming the board of review's conclusion. Despite the fact that the school's curriculum included instruction in secular subjects as well as religion, the principal of the school, Sister Schima, testified that the school was organized in 1955 in order to teach the Byzantine Rite and Catholic doctrine. Therefore, based upon this evidence, a reasonable and direct inference is that the reason for creating and operating a school affiliated with a religious denomination is to offer a learning experience dominated by a religious environment; a situation distinctly different than that offered in public schools. Consequently, the court of common pleas did not abuse its discretion in affirming the board of review's conclusion that the primary purpose of operating a school of this type is religious in nature, regardless of whether the school or the local church was appellant's employer.

■ The second issue is whether the school was supervised, controlled, or principally supported by a church. Sister Schima testified that "[t]he pastor of the parish runs the school." The only individuals authorized to sign paychecks for the school were Sister Schima and the church's pastor. Furthermore, the record reflects that the pastor of the church exercised substantial control over

the operations and spending of the school, as his consent was required to hire new teachers and to purchase supplies. Accordingly, the court of common pleas did not abuse its discretion in affirming the board of review's denial of appellant's application for unemployment benefits. Appellant's second assignment of error is without merit.

For the foregoing reasons, appellant's assignments of error are not well taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.

*Judgment affirmed.*

EDWARD J. MAHONEY, J., concurs.

WILLIAM M. O'NEILL, J., dissents.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.

WILLIAM M. O'NEILL, Judge, dissenting.

I respectfully dissent from the opinion of the majority on two bases. First, I remain convinced that a motion for reconsideration is a nullity under *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 380, 21 O.O.3d 238, 239, 423 N.E.2d 1105, 1107. Therefore, I would hold that the trial court erred in considering appellees' motion for reconsideration.

Assuming *arguendo* that the court could have considered appellees' motion for reconsideration, appellees failed to demonstrate the type of extraordinary circumstances that generally require granting relief under App.R. 26(A). In order for an appellate court to grant a motion for reconsideration, the movant must identify "an obvious error in its decision" or demonstrate that the court did not properly consider an issue. *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 143, 5 OBR 320, 323, 450 N.E.2d 278, 282. In the instant matter, the only reasoning provided in the court's subsequent entry granting the motion for reconsideration was that Judge McLain's entry was "improvidently granted." In my view, such a conclusion does not rise to the level of the type of relief envisioned by App.R. 26(A).

Furthermore, if appellant's employer was the school, I cannot agree with the conclusion that the primary purpose was religion. The evidence very clearly demonstrated the purpose of the school was to educate children, and any religious aspect was laudable, but incidental to that mission. The majority relies upon *Czigler v. Ohio Bur. of Emp. Serv.* (1985), 27 Ohio App.3d 272, 27 OBR 316, 501 N.E.2d 56, to establish that the primary purpose of a religious school is religion. However, in that case, the school was a "pervasively religious educational institution operated, conducted and financed exclusively by the Jewish community

for the purpose of preserving its religious traditions and practices." *Id.* at 274, 27 OBR at 317, 501 N.E.2d at 58.

Accordingly, I dissent.