OPINION
This is an accelerated calendar appeal. Appellant, SprintCom, Inc., appeals from a final judgment of the Portage County Court of Common Pleas in which the court reversed an earlier decision of the Board of Zoning Appeals of Palmyra Township ("the Board") granting appellant's application for a conditional zoning certificate. For the reasons that follow, we reverse the judgment of the trial court and enter judgment in favor of appellant.
On April 8, 1998, appellant submitted to the Board an application for a conditional zoning certificate to construct a two hundred-fifty foot tall wireless telecommunications tower on property owned by Palmyra Township.[1] Two hearings were held where sworn testimony and exhibits were offered both for and against appellant's request. At the close of the second hearing on July 23, 1998, the Board voted unanimously to approve the application.
From this decision, appellees, Bruce Leifheit ("Leifheit") and Wanda G. Walters, filed a notice of appeal with the Portage County Court of Common Pleas on October 5, 1998. Appellees named the Board, the Palmyra Township Trustees, and the Palmyra Township Zoning Inspector as defendants in the action. Appellees also requested that the clerk's office issue a summons and a certified copy of the notice of appeal to the aforementioned parties. Although the Board received a copy of the notice of appeal filed with the common pleas court, a separate notice of appeal was never formally filed with the Board.
Appellant was not named as a party in the appeal. As a result, the company filed a motion to intervene on November 2, 1998. Without first ruling on appellant's motion, however, the common pleas court reversed the Board's decision to grant the application on August 8, 1999.
On August 20, 1999, appellant filed with the common pleas court a motion for reconsideration, or in the alternative, a motion for new trial.[2] As grounds for the motion, appellant argued that the common pleas court had never ruled on its motion to intervene, and as a result, appellant was never given the opportunity to be heard on the merits of appellees' administrative appeal.
In a judgment entry dated August 25, 1999, the common pleas court found appellant's motion to be well taken. Accordingly, the court granted appellant's motion to intervene and agreed to reconsider its previous decision in light of any further pleadings subsequently filed by the parties.
Appellant filed a motion to dismiss the administrative appeal on September 7, 1999, arguing that appellees had failed to comply with the procedural filing requirements of R.C. 2505.04, which meant, according to appellant, that the common pleas court was without jurisdiction to hear the appeal. Appellees filed a brief in opposition on September 9, 1999.
On November 3, 1999, the common pleas court overruled appellant's motion to dismiss. In doing so, the court emphasized that appellees "effectively `filed'" their notice of appeal when Leifheit handed a copy of the notice to the Board's secretary. As a result, the common pleas court concluded that appellees had sufficiently complied with the statutory requirements set out in R.C. 2505.04, vesting the court with jurisdiction to consider the appeal.[3] The common pleas court then confirmed its August 9, 1999 decision in all respects.
From this judgment entry, appellant filed a timely notice of appeal. It now raises the following assignments of error for our consideration:
 "[1.] The trial court erred in denying SprintCom's Motion to Dismiss the appeal of Bruce Leifheit, et al., because that appeal was not perfected in accordance with Revised Code Section 2505.04.
 "[2.] The trial court erred in reversing the decision of the Palmyra Township Board of Zoning Appeals without giving SprintCom an opportunity to be heard."
 In its first assignment of error, appellant maintains that there is no right to appeal the decision of an administrative agency except in accordance with and strict adherence to the requirements found in R.C. 2505.04. Consequently, appellant argues that if a party fails to file its notice of appeal with the agency that made the decision, the common pleas court does not have jurisdiction to consider the appeal.
R.C. 2505.04 provides that "[a]n appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." In interpreting this provision, this court has held on numerous occasions that "the filing of a notice of appeal in the proper location is a jurisdictional requirement, and that the filing of the notice with the common pleas court is not sufficient to satisfy the statute." Portage Metro. Hous.Auth. v. Ravenna Twp. Bd. of Zoning Appeals (Dec. 13, 1996), Portage App. No. 96-P-0197, unreported, at 11-12, 1996 Ohio App. LEXIS 5636. See, also, Marks v. Streetsboro Planning Comm. (Dec. 3, 1999), Portage App. No. 98-P-0076, unreported, at 3-4, 1999 Ohio App. LEXIS 5781; Bognar at 10-11.
Appellees, however, maintain that their notice of appeal, which was filed in the common pleas court and served on the Board, was the functional equivalent to directly filing their appeal with the administrative agency. Specifically, appellees claim that by including the phrase "personally served, by hand delivery" in Leifeit's affidavit of service, the instant matter is somehow distinguishable from this court's prior holdings.
We disagree. In Trickett v. Randolph Twp. Bd. of ZoningAppeals (Aug. 18, 1995), Portage App. No. 94-P-0007, unreported, 1995 Ohio App. LEXIS 3394, the appellant filed a notice of appeal from a decision of the board of zoning appeals in the common pleas court and then served a copy of the notice on the board. Included with the notice of appeal was a proof of service which stated that a copy had been "personally served" with the zoning board.
In holding that "[s]ervice is not the equivalent of filing the notice with the Board of Zoning Appeals[,]" we noted that:
 "Appellant misses the point as the issue is not whether the BZA received a copy, but how the copy came to the BZA. Thus, his own proof of service indicated that the copy was served and not filed with the BZA." (Emphasis added.) Trickett
at 10.
 As a result, "because the notice of appeal was not filed in the place mandated by R.C. 2505.04, it did not satisfy the jurisdictional prerequisites therein, and the common pleas court was without jurisdiction to hear the administrative appeal[.]" Id. at 11.
We reach a similar conclusion here. No matter what semantical twist appellees place on the phrase "personally served, by hand delivery," the fact of the matter is that they never filed their notice of appeal with the Board. Pursuant to Trickett, therefore, the common pleas court was without jurisdiction to hear appellees' administrative appeal because they failed to file their notice of appeal in accordance with R.C. 2505.04. See, also,Guysinger v. Chillicothe Bd. of Zoning Appeals (1990), 66 Ohio App.3d 353,356 (holding that "in order to perfect an appeal from a board of zoning appeals to the court of common pleas * * *, a notice of appeal must be filed with the zoning board itself.").
As noted in Bognar, supra, "[w]e are mindful that we are governed by the state of the record, and not averments as to what the record should be." Bognar at 11. Accordingly, "[t]he fact that [appellees] served the [B]oard with a copy of the notice filed with the common pleas court is simply irrelevant to the determination of whether the appeal had been properly perfected."Andolsek v. Willoughby Hills Bd. of Zoning Appeals (Dec. 10, 1993), Lake App. No. 93-L-050, unreported, at 8-9, 1993 Ohio App. LEXIS 5910. Appellant's first assignment of error has merit.
Our disposition of appellant's first assignment of error renders any analysis with respect to the company's remaining assignment of error moot and, therefore, need not be addressed. App.R. 12(A)(1)(c). The judgment of the common pleas court is reversed and judgment is entered in favor of appellant.
 ____________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., dissents, NADER, J., concurs.
[1] The Board had already rejected a similar request on December 18, 1997.
[2] As an aside, we would like to briefly note that because this was an administrative appeal, the common pleas court was acting as an appellate court, rather than a trial court, when reviewing the administrative proceedings. Thus, the Rules of Appellate Procedure apply when they are relevant and not in conflict with Chapter 2505 of the Revised Code. Miller v. Sts.Peter and Paul School (1998), 126 Ohio App.3d 762, 764. Therefore, the common pleas court could properly consider a motion to reconsider its decision if it was timely filed pursuant to App.R. 26(A). Miller at 764. Here, a review of the record shows that appellant's motion was untimely because it was filed more than "ten days after the announcement of the court's decision * * *." App.R. 26(A). Nevertheless, "there was nothing improper about [the motion] serving as a predicate for the [common pleas] court to examine * * * its jurisdiction on a given issue since the question of jurisdiction may be raised at any time in the proceedings." Bognar v. Mantua Twp. Bd. of Zoning Appeals (June 25, 1999), Portage App. No. 98-P-0054, unreported, at 17, 1999 Ohio App. LEXIS 2948.
[3] None of the parties requested, nor did the common pleas court conduct a hearing on the issue of jurisdiction. Instead, the court relied solely on the record before it, which included Leifheit's affidavit. This affidavit stated that Leifheit "on the 5th day of October, 1998, * * * personally served, by hand delivery, a copy of the Notice of Appeal as filed in the within action, upon the following officials of Palmyra Township[.]" (Emphasis added.)