DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant Marquida Crooks has appealed from the judgment of the Summit County Court of Common Pleas, which affirmed the judgment of the Unemployment Compensation Review Commission (the "Commission"). This Court affirms.
 I *Page 2 {¶ 2} Appellant was an employee at a thrift store run by Appellee, the Salvation Army. On February 25, 2005, Appellant's employment was terminated. Appellant then sought unemployment benefits. Initially, Appellant was denied benefits on the grounds that her employment was not subject to unemployment compensation. Appellant appealed that determination, and the matter was transferred to the Commission. On December 2, 2005, hearing officer Boris Rakowsky reversed the initial determination, finding that Appellant had presented sufficient evidence of her eligibility. On December 15, 2005, an assistant chief hearing officer, Richard Skovron, vacated the decision granting Appellant benefits. In his conclusion, Skovron determined that the Salvation Army was a church engaged in religious services and consequently not subject to the Ohio Unemployment Compensation Act.
 {¶ 3} Appellant then appealed that determination to the entire Review Commission, but it declined to review the denial of Appellant's benefits. Appellant thereafter appealed to the Summit County Court of Common Pleas. Upon reviewing the record, the trial court affirmed the Commission's denial of Appellant's unemployment benefits. Appellant timely appealed the trial court's judgment, raising two assignments of error. As Appellant's assignments of error are interrelated, we have consolidated them for review.
 II Assignment of Error Number One *Page 3 "BASED ON THE EVIDENCE CONTAINED IN THE CERTIFIED RECORD, THE COURT BELOW AND THE REVIEW COMMISSION OF THE OHIO DEPARTMENT OF JOB AND FAMILY SERVICES ERRED IN HOLDING THAT THE SALVATION ARMY, APPELLANT'S FORMER EMPLOYER, IS EXEMPT UNDER R.C. 4141.01(B)(3)(h)(i) FROM COVERAGE UNDER THE OHIO UNEMPLOYMENT COMPENSATION ACT. THE DECISIONS BELOW, THEREFORE, ARE UNLAWFUL, UNREASONABLE, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 Assignment of Error Number Two "THE REVIEW COMMISSION AND THE COURT BELOW UNLAWFULLY AND UNREASONABLY RELIED ON UNSUPPORTED, CONCLUSORY STATEMENTS TO DENY APPELLANT'S ELIGIBILITY FOR UNEMPLOYMENT BENEFITS."
 {¶ 4} In both of her assignments of error, Appellant has argued that the trial court erred when it affirmed the Commission's decision. We disagree.
 {¶ 5} This Court's standard of review of the trial court's decision mimics the trial court's standard of review of the Commission's decision.
 "In unemployment cases, reviewing courts are not to review the decision of the trial courts under an abuse of discretion standard, but rather are to review the decisions of the board with the same standard as must be used by the trial court, that is, whether a decision of the board is unlawful, unreasonable, or against the manifest weight of the evidence." Laukert v. Ohio Valley Hosp. Assn. (1996), 115 Ohio App.3d 168, 171-172, citing Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Servs. (1995), 73 Ohio St.3d 694, 696.
This standard of review is shared at every level of review.Tzangas, 73 Ohio St.3d at 696. Accordingly, "the fact that reasonable minds might reach different *Page 4 
conclusions is not a basis for the reversal of the board's decision."Irvine v. Unemp. Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15, 18.
 {¶ 6} R.C. 4141.01(B)(3)(h)(i) states that a claimant is not eligible for unemployment benefits if she worked "[i]n the employ of a church or convention or association of churches, or in an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches[.]" Courts have interpreted the above provision as follows:
 "The exemption is determined by the purpose of the existence and operation of the [entity]. If that purpose be primarily of a religious nature, the exemption applies without regard to the proportion of time devoted to religious instruction. As indicated, `primarily' modifies the purpose of the operation, not the relative amount of religious activity[.]" Czigler v. Ohio Bur. of Empl. Srvs. (1985), 27 Ohio App.3d 272, 273.
 {¶ 7} On appeal, Appellant has argued that the Salvation Army is neither a church, nor primarily engaged in religious activity. Specifically, Appellant has first urged that the Salvation Army is "[a]t best * * * a charitable social services organization inspired by Christian benevolence." We cannot agree.
 {¶ 8} The Commission had before it evidence from which it could conclude that the Salvation Army is operated primarily for a religious purpose. The Salvation Army's mission reads as follows:
 "The Salvation Army, an international movement, is an evangelical part of the universal Christian Church. Its message is based on the Bible. Its ministry is motivated by the love of God. Its mission is to *Page 5 
preach the gospel of Jesus Christ and to meet human needs in His name without discrimination."
Furthermore, the Salvation Army's Articles of Incorporation state as follows:
 "The general objects and purposes of The Salvation Army are as follows:
 "* * *
 "For the spiritual, moral and physical reformation of the working classes; for the reclamation of the vicious, criminal, dissolute and degraded; for visitation among the poor and lowly and the sick; for the preaching of the gospel and the dissemination of Christian truth by means of open-air and indoor meetings."
Appellant appears to assert that the Salvation Army provides primarily secular services and therefore cannot be said to be a primarily religious entity. Specifically, Appellant points out that the Salvation Army offers shelter to the homeless, emergency disaster services, and family casework services. Appellant, therefore, concludes that these secular services outweigh any religious affiliation that the Salvation Army may have in its mission.
 {¶ 9} Appellant, however, ignores the plain language of the Salvation Army's mission statement and its Articles of Incorporation. As noted in that mission, the Salvation Army aspires to "meet human needs" in the name of Jesus Christ and one of its stated purposes is to provide "spiritual" reformation through "the preaching of the gospel and the dissemination of Christian truth[.]" Accordingly, each of the "secular" services provided by the Salvation Army is explained by the organization's underlying belief in the teachings of Jesus Christ. *Page 6 
This Court, therefore, cannot conclude that the Commission erred in determining that the Salvation Army was operated primarily for a religious purpose.
 {¶ 10} We must next determine whether the Salvation Army is a "church" within the meaning of R.C. 4141.01(B)(3)(h)(i). We conclude that the Salvation Army meets the general definition of "church."
 {¶ 11} Initially, we note that "church" is not defined in R.C.4141.01. Where a particular word employed in a statute is not defined, it will be accorded its common, ordinary, plain, everyday meaning.Sharp v. Union Carbide Corp. (1988), 38 Ohio St.3d 69, 70. "Church" is defined as "a body or organization of religious believers." Merriam-Webster's Collegiate Dictionary (11 Ed. 2004) 222. As noted above, the Salvation Army clearly lists its religious beliefs in its mission statement and in its Articles of Incorporation. Accordingly, we find that it meets the plain definition of a church as a body of religious believers.
 {¶ 12} This Court, therefore, finds no error in the Commission's determination that the Salvation Army is exempt from the payment of unemployment. Appellant's assignments of error lack merit.
 III {¶ 13} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J. DICKINSON, J., CONCUR *Page 1