CLEVELAND BOARD OF ZONING APPEALS, Appellant and Cross–Appellee,

v.

ABRAMS et al., Appellees and Cross–Appellants.

[Cite as *Cleveland Bd. of Zoning Appeals v. Abrams,*
186 Ohio App.3d 590, 2010-Ohio-1058.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93180.

Decided March 18, 2010.

See also, 2010 WL 664144.

Robert J. Triozzi, Director of Law, and Carolyn M. Downey, Assistant Law Director, for appellant and cross-appellee.

Berns, Ockner & Greenberger, L.L.C., and Paul M. Greenberger, for appellees and cross-appellants.

LARRY A. JONES, Judge.

{¶ 1} Defendant-appellant and cross-appellee, Cleveland Board of Zoning Appeals ("BZA"), appeals the judgment of the trial court reversing the decision of the BZA to deny variances to defendants-appellees and cross-appellants, Ian Abrams and Cleveland Scrap (collectively "Abrams"). Finding some merit to the appeal, we reverse the judgment of the trial court.

{¶ 2} On April 25, 2006, the city of Cleveland ("city") filed a complaint for injunctive relief. The city's complaint sought to enjoin Abrams from operating a scrap business on East 55th Street in Cleveland. The city's complaint alleged violations of numerous sections of the Cleveland Codified Ordinances, specifically ordinances 327.02(C), 676.02, 345.02, 347.06(d), 3105.01(a), and 3101.10(E).

{¶ 3} After preliminary negotiations, the parties agreed that Abrams would apply to the city and appeal to the BZA for three variances at the property. The three variances were (1) to expand the use of the scrap yard into the residence-industry area, (2) to expand the use of the scrap yard to the hilltop and for auto wrecking at the property, and (3) to change the use of adjacent land from automobile storage to scrap yard and auto-wrecking use.

{¶ 4} In June 2006, an agreed judgment entry was submitted to the municipal housing court, in which the parties agreed that Abrams would continue operating at the property pending the BZA hearing, would keep the residence-industry area of the property clear of all containers, scrap, and debris, and would maintain

the street adjacent to the property clear of trash and debris while the case was pending.

{¶ 5} In July 2006, the BZA held a public hearing in which it heard the variance requests by Abrams. Following the hearing, the BZA denied the three variance requests. Abrams then filed an administrative appeal with the Cuyahoga County Court of Common Pleas. The trial court set a briefing schedule, ordering Abrams to file his brief by March 2, 2007.[1]

{¶ 6} On February 28, 2007, Abrams filed a motion requesting a de novo trial, but did not file his assignments of error and brief. The BZA filed an objection to Abrams's request for a de novo trial.

{¶ 7} On May 2, 2007, the trial court issued the following journal entry:

{¶ 8} " Final.

{¶ 9} "Upon consideration of the entire record and such additional evidence as the court has admitted, the court affirms the order of the Cleveland Board of Zoning Appeals, finding that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. Appellant moves for trial de novo based on the admission of evidence into the record which had not been given under oath. Although appellant was represented by counsel at the administrative hearing, neither counsel nor the appellant objected to the admission of such evidence at the administrative proceeding therefore such error is waived * * *. Final."

{¶ 10} On May 15, 2007, Abrams filed a motion to reconsider with the trial court, claiming that the court had "prematurely" issued its decision and that the court was required to hold a hearing on the issues Abrams presented on appeal and a de novo trial on "constitutional issues." Abrams did not appeal the court's May 2, 2007 decision to this court.

{¶ 11} On June 5, 2007, the trial court issued an order granting, in part, Abrams's motion for reconsideration. The trial court affirmed the decision of the BZA as to the nonconstitutional issues but decided it would allow Abrams to go forward with his constitutional claims. The journal entry also stated that the May 2, 2007 journal entry was "set aside."

{¶ 12} Abrams filed two more motions for reconsideration, and the parties proceeded with the case throughout the rest of 2008 and 2009, but the case never proceeded to a hearing or trial.

---

1. Loc.R. 28(A) states that in all appeals from administrative agencies, the appellant shall file assignments of error and a brief within 20 days "after the filing of the complete transcript * * * with the Clerk of the Common Pleas Court."

{¶ 13} During this time, the litigation on the original complaint filed by the city also moved through the municipal housing court, under case No. 06CVH11526, and this court. In 2008, we issued an opinion finding that the preliminary injunction issued by the housing court was vague, rendering it invalid, that the property was exempt from city ordinances, and that Abrams was maintaining a prior nonconforming use. *Cleveland v. Abrams,* Cuyahoga App. Nos. 89904 and 89929, 2008-Ohio-4589, 2008 WL 4174974 (*"Abrams I "*). Our court remanded the case to the housing court. On remand, the housing court held a trial and issued a permanent injunction.[2]

{¶ 14} Subsequent to our decision in *Abrams I,* the BZA and Abrams met with the trial court handling the administrative appeal. Abrams requested that the BZA's decision be vacated, rendered moot, and/or reversed based on *Abrams I.* On February 27, 2009, the trial court issued a decision ruling that the BZA's decision was vacated and rendered moot based on our decision in *Abrams I.* On March 24, 2009, the trial court issued an entry modifying the language of the February 27, 2009 decision to state that the BZA's order denying the variances was "hereby vacated and reversed as moot."

{¶ 15} The BZA is now appealing the trial court's March 24, 2009 ruling, and raises three assignments of error for our review.

"I.   The Common Pleas Court's decision to vacate and reverse as moot the Board of Zoning Appeals's decision on an interim ruling by the Court of Appeals was improper.

"II.   The Common Pleas Court's affirmation of the Board of Zoning Appeals's decision on May 2, 2007 was a final, not interlocutory order that was never appealed by the opposing party.

"III.   The Board of Zoning Appeals's decision should not have been vacated and reversed as moot based on the evidence or case law that did not exist at the time the Board of Zoning Appeals's decision was rendered."

{¶ 16} Abrams also filed a cross-appeal, raising 15 assignments of error. See appendix.

{¶ 17} Because we find the second assignment of error dispositive of this case, we will consider it first.

### Motions for Reconsideration in Administrative Appeals

{¶ 18} In the second assignment of error, the BZA argues that the trial court erred when it vacated and reversed as moot its May 2, 2007 order, because that

---

**2.**   Abrams appealed that decision to this court and we recently reversed and vacated the grant of the permanent injunction. *Cleveland v. Abrams,* Cuyahoga App. Nos. 92843 and 92844, 2010-Ohio-662, 2010 WL 664144.

order was a final, appealable order that Abrams never appealed. For the following reasons, we agree.

{¶ 19} Again, Abrams filed a motion for reconsideration with the trial court after the court issued its ruling on May 2, 2007, affirming the BZA. As an initial step, we must determine whether a motion for reconsideration in an administrative appeal is allowable. Abrams argues that since his appeal to the trial court was an administrative appeal, the Appellate Rules as opposed to the Rules of Civil Procedure should apply to this case.

{¶ 20} R.C. 2505.03(B) states:

{¶ 21} "Unless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure. When an administrative-related appeal is so governed, if it is necessary in applying the Rules of Appellate Procedure to such an appeal, the administrative officer, agency, board, department, tribunal, commission, or other instrumentality shall be treated as if it were a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals or as if it were a clerk of such a trial court."

{¶ 22} There is no provision in R.C. Chapter 119, R.C. Chapter 2505, or other sections of the Revised Code that governs motions for reconsideration. Thus, at first glance, it appears that the Rules of Appellate Procedure, specifically App.R. 26, would govern in this instance. App.R. 26 states that an "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is the later."

{¶ 23} In 1981, however, the Ohio Supreme Court held that "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, paragraph one of the syllabus. Thus, "all judgments or final orders from said motion are a nullity." Id. at 381, 21 O.O.3d 238, 423 N.E.2d 1105.

{¶ 24} *Pitts* was an administrative appeal to a court of common pleas from a decision of the State Personnel Board of Review. And in *Pitts,* the Ohio Supreme Court unequivocally stated that motions for reconsideration of a final judgment are a nullity.

{¶ 25} In 1997, the Ohio Supreme Court again held that motions for reconsideration in administrative appeals are not permissible when it remanded an administrative appeal to the Sixth Appellate District in *VFW Post 1238 v. Liquor Control*

*Comm.* (1997), 78 Ohio St.3d 1482, 678 N.E.2d 946. In *VFW Post 1238*, the Liquor Control Commission filed a motion for reconsideration with the trial court after the court suspended the VFW's liquor license for 30 days. See *VFW Post 1238 v. Liquor Control Comm.* (Sept. 22, 1997), Huron App. No. H–97–026, 1997 WL 614938. The trial court granted the motion for reconsideration, amended the suspension to 180 days, and the VFW appealed. On appeal, the appellate court reversed the judgment of the trial court on the basis that the search the commission had conducted was not reasonable. The Ohio Supreme Court certified the case based on the search-and-seizure issue, but reversed the judgment of the appellate court finding that the VFW untimely filed its appeal as the appeal had been filed more than 30 days after the original judgment. Id. The court reinstated the trial court's original judgment suspending the liquor license for 30 days, and stated that its decision was based on the authority in *Pitts*. Id.

{¶ 26} On remand, in 1997 WL 614938, the appellate court noted the seeming inconsistency between the Supreme Court's pronouncement in both *Pitts* and *VFW Post 1238* with R.C. 2505.03(B). Id. at fn. 1. The court stated that because there is no mention of motions for reconsideration in R.C. Chapter 119, the Appellate Rules should apply to the motion for reconsideration. Id. The court went so far as to opine that the Ohio Supreme Court's reasoning was "wrong," but conceded that it was bound by the law of the case and held that the commission could not appeal the original judgment. Id.

{¶ 27} In a later decision by the same district, the court noted that based on the Ohio Supreme Court's decisions in *Pitts* and *VFW Post 1238,* it had no choice but to rule that the trial court's ruling in an administrative appeal on a motion for reconsideration was a nullity. *Luna v. Ohio Dept. of Job & Family Serv.,* Lucas App. No. L–02–1146, 2002-Ohio-6359, 2002 WL 31630753; see also *Carroll v. Flexible Personnel, Inc.* (July 16, 1999), Williams App. No. WM–98–029, 1999 WL 502147.

{¶ 28} That being said, we note that other appellate districts have held that motions for reconsideration filed in accordance with App.R. 26 may be considered in an administrative appeal to a trial court. In *Miller v. Sts. Peter & Paul School* (1998), 126 Ohio App.3d 762, 711 N.E.2d 311, the Eleventh District found that the trial court may rule on a motion for reconsideration since "the court of common pleas was not functioning as a trial court, but as an appellate court. As a result the Appellate Rules apply, and the court of common pleas could properly consider appellees' motion for reconsideration pursuant to App.R. 26(A)." Id. at 764, 711 N.E.2d 311. See also *Leifheit v. Palmyra Twp. Bd. of Zoning Appeals* (June 22, 2001), Portage App. No. 99–P–0112, 2001 WL 703870; and *Morrison v. Dept. of Ins.,* Gallia App. No. 01CA13, 2002-Ohio-5986, 2002 WL 31432102 (both citing

*Miller* and finding that motions for reconsideration may be considered by a trial court in an administrative appeal).[3]

{¶ 29} While our district has not previously had the opportunity to rule on this issue, it is clear that we must follow the precedent established by the Ohio Supreme Court. *Pitts* made no exception for motions for reconsideration in administrative appeals. Therefore, based on *Pitts*, we find that the trial court was without jurisdiction to consider Abrams's motions for reconsideration.

{¶ 30} Even if we were to find that the Appellate Rules applied to motions for reconsideration filed with the trial court in an administrative appeal, we would still find that the trial court incorrectly considered Abrams's motions for reconsideration. App.R. 26(A) clearly states that an "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is the later." The trial court issued its ruling on May 2, 2007. Abrams did not file his first motion for reconsideration until May 15, 2007. Therefore, his motion was untimely.

## Final Orders

{¶ 31} Next, Abrams argues that the May 2, 2007 order was not final because it did not dispose of his constitutional claims. We disagree. R.C. 2505.02 provides:

{¶ 32} "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, [or] an order that affects a substantial right made in a special proceeding * * * is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

{¶ 33} The Supreme Court has held that "[f]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260.

{¶ 34} We find that the court's entry of judgment with respect to the administrative appeal satisfies the requirements of R.C. 2505.02. See *Hausman v. Dayton* (Dec. 22, 1993), Montgomery App. No. 13647, 1993 WL 541649, affirmed in part and reversed in part on other grounds (1995), 73 Ohio St.3d 671,

---

3. While *Miller* cites *Pitts* for the general proposition that a motion for reconsideration is a nullity under the Ohio Rules of Civil Procedure, the court did not take notice that *Pitts* itself was an administrative appeal.

653 N.E.2d 1190. Because the trial court's May 2, 2007 judgment disposed of all claims as to all parties in the appeals, Civ.R. 54(B) is not implicated, and hence the judgment is final and appealable.

{¶ 35} Moreover, even if the trial court erred in entering judgment without holding a de novo trial on the constitutional issues that Abrams allegedly raised in his pleadings, Abrams's proper recourse at that time was to file a direct appeal or to pursue a motion pursuant to Civ.R. 60(B). Abrams filed neither. See *Bencin v. Bd. of Bldg. & Zoning Appeals,* Cuyahoga App. No. 92991, 2009-Ohio-5570, 2009 WL 3387695 (appellant, in an administrative appeal, filed a direct appeal after trial court failed to hold a de novo hearing on constitutional issues, and we reversed and remanded the case for trial). We do not find that Abrams's argument that the court failed to dispose of his constitutional claims has merit, especially since Abrams declined to follow Loc.R. 28 or the trial court's briefing schedule when he chose not to submit his assignments of error and brief that could have set forth any constitutional claims he claimed to have.

{¶ 36} Therefore, we hold that the motion to reconsider the May 2, 2007 ruling will not lie, and all judgments or final orders from the motion are a nullity. Thus, Abrams could have only appealed the May 2, 2007 decision, and he failed to do so in a timely manner. See App.R. 4(A).

{¶ 37} The second assignment of error is well taken. We find that the original order of May 2, 2007, was the only final, appealable order and Abrams did not appeal from that order.

{¶ 38} Therefore, we reverse the decision of the trial court. We further find that the BZA's remaining assignments of error are moot and the assignments of error brought forth by Abrams in his cross-appeal are also moot.

{¶ 39} Accordingly, the judgments of the trial court following the May 2, 2007 order are vacated, and the trial court's judgment entry filed on May 2, 2007, and journalized May 10, 2007, is reinstated.

Judgment reversed.

SEAN C. GALLAGHER, A.J., concurs separately.

JAMES J. SWEENEY, J., concurs.

SEAN C. GALLAGHER, Administrative Judge, concurring.

{¶ 40} I concur with the judgment of the majority. We are bound by the Ohio Supreme Court's decisions in *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, and *VFW Post 1238 v. Liquor Control Comm.* (1997), 78 Ohio St.3d 1482, 678 N.E.2d 946. Both of those cases involved administrative appeals in the trial court, and in both cases, the court held that a

motion for reconsideration was not permitted in the trial court following a final, appealable order. However, I recognize that these decisions did not address the rule that in administrative appeals, the common pleas court is governed by the Appellate Rules. See R.C. 2505.03(B); *Luna v. Ohio Dept. of Job & Family Servs.*, Lucas App. No. L–02–1146, 2002-Ohio-6359, 2002 WL 31630753; *Carroll v. Flexible Personnel, Inc.* (July 16, 1999), Williams App. No. WM–98–029, 1999 WL 502147. This is an issue that the Ohio Supreme Court may wish to revisit. In any event, the motion for reconsideration that was filed was untimely. It also appears that the issues raised in this appeal may be moot because of this court's decision in *Cleveland v. Abrams*, Cuyahoga App. Nos. 92843 and 92844, 2010-Ohio-662, 2010 WL 664144. Notwithstanding, I concur in the majority opinion.

## Appendix

{¶ 41} *Cross-appellant's assignments of error*

{¶ 42} "I. Cross–Appellant *Abrams* was denied his statutory right to adduce additional evidence, which right is to be liberally construed.

{¶ 43} "II. The failure to either demand testimony under oath, or to object to hearsay does not constitute a waiver of the right to assert such statutory deficiencies as a basis to expand the transcript per R.C. 2506.03.

{¶ 44} "III. The BZA clearly and expressly applied the wrong standard in its denial of Appellants' request for an area variance, in direct contravention of *Kisil v. Sandusky*, 12 Ohio St.3d 30[, 12 OBR 26, 465 N.E.2d 848] (1984), syllabus.

{¶ 45} "IV. The BZA committed reversible error to the extent that neither the 3' over fence height scrap pile limitation of § 347.06(d), eff. 6–4–70, nor the 100% screening opacity required by § 676.13(a) are applicable to Appellants' property.

{¶ 46} "V. The BZA proceedings were *irreparably* tainted by repetitive reliance on inapplicable ordinances.

{¶ 47} "VI. The BZA committed reversible error to the extent that the same lawful, prior, non-conforming use which precludes application of § 347.06(d) also precludes the use limitations imposed upon the *Footbridge* area within the Residence Industry district. Moreover, the outdoor storage of "containers" is an expressly permitted use under the Zoning Code.

{¶ 48} "VII. The BZA committed reversible error to the extent that contrary to the pervasive assertions made by Zoning Administrator Riccardi, and by counsel for the BZA, no paving required within the scrap yard in question.

{¶ 49} "VIII. The BZA committed reversible error to the extent that as a matter of law, no certificate of occupancy was required for either the expansion of

the scrap operation onto, or the new 'auto wrecking' use on the hilltop to the south.

{¶ 50} "IX. The BZA committed reversible error to the extent that not only was the entire hearing process was *irreparably* tainted by references to irrelevant ordinances, imaginary requirements, but also to false assertions.

{¶ 51} "X. The Five Fencing/screen opacity related ordinances, § 345.04(a)(3), § 347.06(a) and (b), § 352.10(8)[b], § 676.13(a), § 358.02(c), are facially void for vagueness, void for ambiguity, or both, thereby denying *Abrams* his rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, and Section 16, Article I of the Ohio Constitution.

{¶ 52} "XI. The two fencing/screen opacity conflict resolution ordinances, § 327.01 and § 352.08, are themselves facially void for vagueness, void for ambiguity, or both, thereby denying *Abrams* his rights under the Fifth and Fourteenth Amendments to the U.S. Const., and Section 16, Article I of the Ohio Const.

{¶ 53} "XII. Cross–Appellant *Abrams* is being deprived of his property and/or liberty by the retroactive application by the *City* of Cleveland to *Abrams'* lasful [sic] prior nonconforming use of the *Property,* of the 3' over fence height scrap pile limitation of § 347.06(d), eff. 6–4–70, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, and Section 16, Article I of the Ohio Constitution.

{¶ 54} "XIII. The application of the 3' junk height over fence height limitation which the City is imposing upon the use of the Property is unconstitutional.

{¶ 55} "XIV. The City is violating the Due Process rights of Cross–Appellant *Abrams* guaranteed by the Fifth and Fourteenth Amendments to the U.S. Const., and Section 16, Article I of the Ohio Const., and further violating the separation of powers established in both constitutions, by attempting to enforce upon *Abrams'* use of open land, the requirement of a certificate of occupancy which the issuing officer is constrained by ordinance, § 138.02, to issue for only structures, and not for the use of open land.

{¶ 56} "XV. Cleveland is violating Cross–Appellant *Abrams'* Due Process rights under Fifth and Fourteenth Amendments of the U.S. Const., and Section 16, Article I of the Ohio Const., violating the separation of powers established in both Constitutions, and depriving *Abrams* of his property and/or liberty, by attempting to enforce upon *Abrams'* use of open land a definition of 'auto wrecking,' which is inconsistent with the plain language of § 325.09 and § 325.732." (Emphasis sic.)