610 So.2d 522 (1992)
STATE of Florida, Appellant,
v.
Richard Jerome OATES, Appellee.
No. 91-03737.
District Court of Appeal of Florida, Second District.
November 25, 1992.
*523 Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellee.
CAMPBELL, Judge.
The state argues that the court improperly sentenced Oates to serve two years in prison without adjudicating him guilty. Although this is not what the trial court intended to do, this was the practical effect of the orders sentencing Oates. As such, the sentencing was improper.
As a general rule, adjudication cannot be withheld if a defendant is incarcerated. State v. Green, 581 So.2d 1008 (Fla. 4th DCA 1991); State v. Scarantino, 543 So.2d 399 (Fla. 4th DCA 1989); State v. Seward, 543 So.2d 398 (Fla. 4th DCA 1989); Thomas v. State, 356 So.2d 846 (Fla. 4th DCA), cert. denied, 361 So.2d 835 (Fla. 1978); Fla.R.Crim.P. 3.670. However, adjudication can be withheld under the Youthful Offender Act if the incarceration is a condition of probation and the term of incarceration does not exceed 364 days. § 958.04(2)(a) and (b), Fla. Stat. (1989). The issue here is whether the court imposed a sentence of incarceration or merely imposed incarceration as a condition of probation.
At the sentencing hearing, the trial judge stated her intent to place Oates in the boot camp program with the provision that if he did not successfully complete the program, he would be incarcerated for two years. If he did complete the program, however, he was to be on community control for four years. The judge explained that if Oates failed to complete the boot camp program, she would adjudicate him then.
The court's orders do not reflect the judge's stated intent at sentencing, however. According to the sentencing order, Oates pled nolo to sexual battery, a lesser and included offense (§ 794.011, Fla. Stat. (1989)), and was sentenced as a youthful offender pursuant to section 958.05, Florida Statutes (1989) (Youthful Offender Act). Adjudication was withheld. The sentencing order recited that Oates was committed to the custody of the DOC for two years, followed by four years on youthful offender community control. The court recommended boot camp and basic training, stating: "See attached youthful offender order."
The youthful offender order stated that adjudication was withheld and that Oates would be incarcerated for two years with the DOC. Additionally, Oates would be screened by HRS for inclusion in the Boot Camp/Basic Training Program. Following *524 incarceration or successful completion of the basic training program, Oates would serve four years of community control under the supervision of the DOC. The court specifically listed special conditions of community control, none of which involved boot camp.
Under this scheme, Oates was to be committed to the custody of the DOC and was to be screened for inclusion in the boot camp program. It was not certain, however, that he would be accepted into that program. If he was not, he would be incarcerated for two years, to be followed by four years community control.
Although Oates argues that the incarceration was merely a term or condition of community control, we believe that the trial court's orders provide otherwise. Both the sentencing order and the youthful offender order specifically commit Oates to the DOC. Although Oates is then to be screened for acceptance into the boot camp program, if he is not accepted, he will serve two years incarceration.
These facts lead us to the inescapable conclusion that the court's orders did, in fact, sentence Oates to a term of incarceration. As such, the court erred in failing to adjudicate Oates guilty.
Even if, as Oates argues, the incarceration was ordered as a term or condition of probation, the incarceration exceeded the term allowed by law. Section 948.04(2)(b), Florida Statutes (1991) provides that any incarceration ordered as a condition of probation or community control shall not exceed 364 days. The period of incarceration here, two years, exceeded that statutory maximum.
Having concluded that the court improperly ordered Oates incarcerated without adjudicating him guilty, we vacate Oates' sentences and remand with instructions that, upon adjudication of guilt, Oates may again be sentenced to incarceration or, alternatively, the court may decline to adjudicate Oates guilty and sentence him to a term of incarceration as a condition of probation so long as the incarcerative portion does not exceed 364 days.
DANAHY, A.C.J., and THREADGILL, J., concur.