662 So.2d 1003 (1995)
Frank J. TASSONE, Jr., P.A., Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Bonnie A. Houldson, Appellees.
No. 95-638.
District Court of Appeal of Florida, First District.
November 14, 1995.
*1004 Frank J. Tassone, Jr. of Tassone & Eler, Jacksonville, for Appellant.
William T. Moore, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
SMITH, Senior Judge.
This is an appeal by appellant/employer, Frank J. Tassone, Jr. P.A., of an order of the Unemployment Appeals Commission (UAC) dated January 25, 1995. The UAC rejected the findings and conclusions of the referee on the ground that the referee relied on legally insufficient hearsay evidence and thus, there was no competent and substantial evidence to support a finding that the claimant, Mrs. Houldson, voluntarily left work without good cause attributable to the employer. Because we find that the record contains competent evidence supporting the referee's decision, we are compelled to reverse.
According to testimony received by the referee, Mrs. Houldson, the claimant, was employed as a legal secretary with the law firm of Tassone & Eler from March 1993 until January 1994. During her period of employment, the claimant became pregnant and consistently missed one to two days of work a week. In December 1993, the claimant was reduced to part-time status due to her frequent absences. The claimant continued to miss work. During the week of January 11, 1994, the claimant missed work and did not report to her employer regarding her absences until the end of the week. The claimant contacted Mr. Tassone by telephone on the night of January 13 or 14 regarding her absences. On January 17, 1994, the claimant came to work at 1:00 p.m. with her husband to pick up her paycheck. At this time, Mr. Eler spoke with the claimant regarding needing someone full-time. Mr. Eler testified that the claimant advised him that they "deserved somebody better that could work full-time, that they should look for somebody else." Mr. Eler informed the claimant that she would be more than welcome to come back after the baby was born. However, the claimant stated that she could not inform Mr. Eler when she would be able to return to work. The claimant then picked up her paycheck and left the office. Mr. Tassone's testimony corroborated Mr. Eler's account of what occurred on that occasion.
Subsequent to January 17, 1994, the claimant came to the office and requested that an insurance form be filled out by the employer. The form required that the claimant's status be "not fired." The employer complied with the claimant's request.
The appeals referee resolved all conflicts in testimony in favor of the employer and found competent and substantial evidence to support the conclusion that the claimant voluntarily left work without good cause attributable to the employer, thus denying the claimant unemployment benefits. The UAC, on review, reversed the appeals referee, holding that the referee had improperly relied on hearsay evidence in finding that the claimant had voluntarily quit without good cause. The UAC concluded that the testimony of Mr. Tassone concerning the January 17, 1994 conversation between Mr. Eler and the claimant was hearsay, and thus, not competent and substantial evidence.
As recognized by the UAC, competent, substantial evidence supporting a denial of benefits cannot be based exclusively on hearsay evidence. Doyle v. Unemployment Appeals Commission, 635 So.2d 1028 (Fla. 2nd DCA 1994). Such evidence is admissible only for the purpose of explaining or supplementing *1005 other evidence and is not sufficient, standing alone, to prove a material fact. In this case, however, there is competent and substantial evidence in the record, without Mr. Tassone's hearsay testimony, to support the referee's finding that the claimant voluntarily left work without good cause attributable to the employer. Mr. Eler testified directly that the claimant told him she could not inform him of when she would be able to return to work, and also stated to him that they deserved somebody who could work full-time. This testimony, coupled with the claimant's actions of picking up her paycheck and leaving the office, is competent, substantial evidence tending to prove that the claimant voluntarily quit. Further, another secretary, Mrs. Noble, testified that the claimant requested that an insurance form be filled out stating that the claimant was not fired from her job and that the firm complied with her request. Viewed as a whole, the testimony presented by the employer provides substantial competent evidence to support the finding that the claimant voluntarily quit work without good cause attributable to the employer.
The order appealed from is REVERSED and the cause is REMANDED to the Unemployment Appeals Commission with instructions to reinstate the referee's decision.
KAHN and DAVIS, JJ., concur.