718 So.2d 861 (1998)
Mary E. WALZ, Appellant,
v.
REGGIE'S SEAFOOD AND BBQ HOUSE, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 97-2115.
District Court of Appeal of Florida, First District.
August 28, 1998.
*862 Mary E. Walz, Milton, Pro Se.
William T. Moore, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
PER CURIAM.
This cause is before us on appeal from an order of the Unemployment Appeals Commission (UAC) reversing the appeals referee's finding that Claimant voluntarily quit her job for good cause and was, therefore, entitled to unemployment compensation. We hold that the appeals referee's conclusions are supported by competent, substantial evidence; therefore, we reverse the UAC.
In the context of an unemployment compensation proceeding, the fact finder is the appeals referee. The appellate court, as well as the UAC, must accept the findings of the appeals referee unless those findings are not based on competent, substantial evidence. See Scholastic Book Fairs, Inc. v. Unemployment Appeals Comm'n, 671 So.2d 287 (Fla. 5th DCA 1996) (citing Smith v. Krugman-Kadi, 547 So.2d 677 (Fla. 1st DCA 1989), rev. denied, 558 So.2d 20 (Fla.1990)).
Here, the appeals referee, as factfinder, was presented with two versions of the facts, and found Claimant's version to be more credible. The referee found that Claimant had good cause to leave her employment, and awarded Claimant benefits based on the finding that material changes were made to the terms and conditions agreed to at the time of her employment. This finding is supported by competent, substantial evidence. It was, therefore, error for the UAC to reverse the referee's finding.
Accordingly, we REVERSE the order of the UAC and direct the UAC to enter an order consistent with the decision of the appeals referee.
BOOTH, BENTON and PADOVANO, JJ., concur.