719 So.2d 344 (1998)
STATE of Florida, Appellant,
v.
Daniel BUTLER, Appellee.
No. 97-4028.
District Court of Appeal of Florida, Fourth District.
September 23, 1998.
Rehearing Denied October 27, 1998.
*345 Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Lewis, Assistant Attorney General, West Palm Beach, for appellant.
Jeffrey M. Harris, Fort Lauderdale, for appellee.
FARMER, Judge.
Defendant pleaded nolo contendere to a charge of robbery and was sentenced under the Florida Youthful Offender Statute (YOS).[1] The trial court withheld adjudication, but sentenced him to 18 months in prison, followed by 1 year on probation. This appeal follows.
Both parties agree that the defendant was sentenced pursuant to section 958.04(2)(c), of the Youthful Offender Statute, which provides that:
"The court may impose a split sentence whereby the youthful offender is to be placed on probation or community control upon completion of any specified period of incarceration; however, if the incarceration period is to be served in a department facility other than a probation and restitution center or community residential facility, such period shall be for not less than 1 year or more than 4 years."
At the same time, section 958.04(2)(b) allows incarceration as a condition of probation or community control, as here, in a community or county facility or in a probation or restitution center, but limits the term of such incarceration to no more than 364 days.
In State v. Oates, 610 So.2d 522 (Fla. 2d DCA 1992), the court held that a sentence functionally indistinguishable from the sentence in this case was improper and unauthorized by the statute under which it was imposed. There as here, the court imposed incarceration under the YOS as a condition of probation or community control, but imposed a stated term greater than 364 days. The court noted that adjudication may not be withheld when the defendant is incarcerated, unless the term of incarceration does not exceed 364 days. We agree with the reasoning of Oates and adopt it in this district.
We vacate Butler's sentence and remand with instructions that, upon adjudication of guilt, he may again be sentenced to incarceration or, alternatively, the court may decline to adjudicate him guilty and sentence him to a term of incarceration as a condition of probation so long as the incarcerative portion does not exceed 364 days.
REVERSED.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] See § 958.04, Fla. Stat. (1997).