POLEN, J.
The state timely appeals from the sentence imposed in Karim Vedace’s plea of no contest in five different cases[1] to five counts of burglary of a dwelling, four counts of grand theft, and one count of criminal mischief. The court treated Vedace as a youthful offender, withheld adjudication, sentenced him to one year and one day in DOC, and ordered two years’ probation in each case. Although the court was authorized to impose the above split sentence pursuant to §958.04(2)(c), Fla Stat. (1997),[2] it was not authorized to simultaneously withhold adjudication and incarcerate Vedace, as a condition of probation, to a term exceeding 364 days. See § 958.04(2)(a), Fla. Stat. (1997); State v. Butler, 719 So.2d 344, 23 Fla. L. Weekly D2187 (Fla. 4th DCA 1998)(reversing a sentence under § 958.04(2)(c) which withheld adjudication but sentenced defendant to eighteen months in prison followed by one year’s probation). Accordingly, we reverse and direct that the court, on remand, may either resentence Ve-dace as a youthful offender to incarceration or, alternatively, withhold adjudication and sentence him to prison as a condition of probation so long as imprisonment does not exceed 364 days.
REVERSED and REMANDED.
STEVENSON and HAZOURI, JJ., concur.

. LT Case Nos. 97-10148, 97-7424, 97-2282, 97-6899, and 97-6689.

. That statute provides, in pertinent part,
The court may impose a split sentence whereby the youthful offender is to be placed on probation or community control upon completion of any specified period of incarceration; however, if the incarceration period is to be served in a department facility other than a probation and restitution center or community residential facility, such period shall be for not less than I year or more than 4 years.
§ 958.04(2)(c), Fla. Stat. (1997).