PER CURIAM.
The state appeals D.S.’s delinquency disposition order asserting error in the trial court’s withhold of adjudication and simultaneous imposition of a Level 2 commitment. We reverse.[1]
After D.S. pled no contest to several charges, the court withheld adjudication and ordered him committed to a Level 2 non-residential program. We agree with the state that the sentence imposed was illegal because when a court commits a juvenile to a non-residential facility under section 985.228, Florida Statutes (1997), it is required to adjudicate the juvenile delinquent.
Section 985.228(4), Florida Statutes (1997) allows a court to “in its discretion, ... withhold adjudication of delinquency and plac[e] the child in a community control program_” § 985.228(4), Fla. Stat. (1997). Under section 985.228(5), if the court “elects not to proceed under subsection (4), it shall incorporate that finding in an order of adjudication of delinquency entered in the case-” § 985.228, Fla. Stat. (1997) (emphasis supplied). Thus, under the statute, adjudication of delinquency must necessarily precede commitment.
On remand, the court may either withhold adjudication and place D.S. on community control, or adjudicate D.S. and either place him on community control or commit him.
REVERSED and REMANDED.
DELL, POLEN and STEVENSON, JJ., concur.

. This case concerns a commitment under section 985.228, Florida Statutes (1997) and is thus distinguishable from recent cases of this court which addressed sentences imposed under the Florida Youthful Offender Statute, section 958.04, Florida Statutes (1997). See, e.g., State v. Butler, 719 So.2d 344 (Fla. 4th DCA 1998).