819 So.2d 946 (2002)
James William McCLELLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1816.
District Court of Appeal of Florida, Second District.
June 26, 2002.
FULMER, Judge.
James William McClellan appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In the motion, McClellan raised two claims. We reverse and remand on both claims.
In the first claim, McClellan alleged that he did not have the requisite predicate conviction to be sentenced as a habitual violent felony offender. The trial court denied this claim, stating that McClellan should have raised the issue on direct appeal. The trial court was incorrect. This issue is cognizable in a rule 3.800(a) motion if the error can be determined from the record. See Bover v. State, 797 So.2d 1246 (Fla.2001); Johnson v. State, 795 So.2d 1085 (Fla. 2d DCA 2001). Our record does not contain any sentencing documents. We reverse and remand for the trial court to determine whether the record supports McClellan's allegation.
In McClellan's second claim, he alleged that the trial court withheld adjudication of guilt, but sentenced him to fifteen years in prison. McClellan attached only a few transcript pages from his plea and sentencing hearings. In the order denying McClellan's motion, the trial court relied solely on the partial record attached to McClellan's motion, which did not include any sentencing documents, and agreed that adjudication had been withheld. The trial court made no further comment regarding this alleged error.
Generally a trial court cannot withhold adjudication of guilt if a defendant is given a term of incarceration. State v. Oates, 610 So.2d 522 (Fla. 2d DCA 1992); State v. Green, 581 So.2d 1008 (Fla. 4th DCA 1991); State v. Scarantino, 543 So.2d 399 (Fla. 4th DCA 1989); Fla. R.Crim. P. 3.670. Since the trial court did not make a complete review of the record, we remand for the trial court to review all sentencing *947 documents and the entire plea and sentencing transcripts to determine if adjudication of guilt was withheld when sentence was imposed. If adjudication was withheld, McClellan must be resentenced in accordance with this opinion.
Reversed and remanded.
GREEN and DAVIS, JJ., concur.