PER CURIAM.
Claimant Gustavo A. Morales appeals the denial of unemployment compensation benefits. Claimant was employed as a truck driver for a trucking company from July 15, 2001, through April 14, 2003, working approximately 50 hours per week. The findings of the appeals referee establish that on several occasions, the claimant had come to work and found there was no work available. On April 14, 2003, the claimant came to work and found that his time card was not in the rack. He asked his dispatcher what was going on and was referred to the manager. The manager was not in, so the claimant waited for him for four hours. At approximately noon, the manager came in and told the claimant that there was no work available for that day. The claimant asked who was going to pay him for the time he had spent waiting, and the manager told him that “if [claimant] did not like it he could quit.” Claimant did not return to work and thereafter sought unemployment compensation.
The appeals referee hearing the case concluded that the claimant was disqualified from receiving benefits because he voluntarily left employment without good cause attributable to the employer. See § 443.101(l)(a), Fla. Stat. (2003). The claimant timely appealed the referee’s decision to the Unemployment Appeals Commission (UAC). By an order entered on August 20, 2003, the UAC affirmed the referee’s decision.
The UAC maintains that claimant has failed to carry his burden of demonstrating reversible error. We disagree. As stated in Advanced Mobilehome Systems, Inc. v. Unemployment Appeals Com’n, 663 So.2d 1382, 1387 (Fla. 4th DCA 1995):
An individual is disqualified from receiving unemployment compensation benefits in Florida if the employee voluntarily leaves employment without good cause attributable to the employer. § 443.101(1), Fla.Stat. (1993). “To voluntarily leave employment for good cause, the cause must be one which would reasonably impel the average able-bodied qualified worker to give up his or her employment. ” Uniweld Prods. Inc. v. Industrial Relations Comm’n, Fla. Dep’t of Commerce, Tallahassee, 277 So.2d 827, 829 (Fla. 4th DCA *565 1973), and cases cited therein. “The applicable standards are the standards of reasonableness as applied to the average man or woman, and not to the su-persensitive.” Id.
The burden is on the claimant to prove that he has met the statutory eligibility requirements, which includes good cause for leaving his job. Id. This court has recognized that it is not “good cause attributable to the employer” if a claimant leaves because he does not like the working conditions, unless the working conditions “constitute unfair or unreasonable demands upon a claimant such that a reasonably prudent person would leave.” Sollecito v. Hollywood Lincoln Mercury, Inc., 450 So.2d 928 (Fla. 4th DCA 1984).
(Emphasis added). See 55A Fla. Jur.2d Unemployment Compensation § 75 (2003)(observing an employer’s failure to provide its employees with a tolerable work environment is good cause for leaving employment attributable to the employer).
Here, in place was a continuing condition where the claimant repeatedly appeared for work only to be told that none was to be had, and where he had been required to wait a number of hours just to find out that there was no work available. When he complained about not being paid for coming to work and then waiting hours to be told that work was not available, he was told that he could quit.[1] These circumstances amounted to a work condition that would impel the average able-bodied qualified worker to give up employment. Accordingly,, the order below rejecting claimant’s application for unemployment compensation is reversed with directions to grant the benefits claimed.

. The terminal manager who so advised Morales did not testify before the hearing referee. The human resources department manager testified that she did not know what happened between the manager and Morales only that company records showed that a termination notice in company files stated that Morales left voluntarily without notice.
Morales testified that the company often had no work for him/and that on his last day he was told by 'the terminal manager that “they didn't have no work,’’ and that he should "go to the unemployment....”