HAWKES, J.
Appellant, Syncrolift Rolls Royce, appeals the final order of the Unemployment *640 Appeals Commission (UAC), which rejected the findings of fact of the Appeals Referee, after concluding the findings were based on hearsay alone. We reverse and remand.
The record indicates that, when completing the new hire paperwork, Syncrolift learned the claimant used two different social security numbers, and had provided an illegible social security card. Syncrolift gave the claimant an opportunity to provide a legible card, but when the card arrived, it contained a third social security number. Following the claimant’s inability, over a four-month period, to adequately explain her use of three social security numbers, Syncrolift discharged the claimant, and she requested unemployment compensation.
At the unemployment compensation hearing, the claimant testified she mistakenly provided Syncrolift with three social security numbers. Syncrolift presented hearsay evidence in the form of counsel’s testimony, and various documents, including drivers’ licence records and other documents filled out by the claimant, which indicated the claimant had been knowingly using at least two of these numbers for several years.
Following the hearing, the Referee found the claimant presented Syncrolift with inaccurate social security numbers on several occasions over a four month period. The Referee further found the claimant’s actions in presenting multiple social security numbers violated a standard of behavior Syncrolift had a right to expect, and demonstrated an intentional substantial disregard of her duties and obligations to Syncrolift. The Referee concluded the claimant was terminated for misconduct in connection with work and disqualified her from receiving unemployment compensation benefits.
The claimant appealed this decision to the. UAC. The UAC found the Referee’s findings, if not supported solely by hearsay, would have been sufficient to find the claimant was terminated for misconduct in connection with work. However, the UAC, concluding the Referee reached his decision by relying exclusively upon hearsay, reversed the Referee’s order.
It is well-established that in unemployment compensation appeals, hearsay is admissible only for the purpose of explaining or supplementing other evidence, and that, standing alone, it is insufficient to prove a material fact. See Tassone v. Unemployment Appeals Comm’n, 662 So.2d 1003 (Fla. 1st DCA 1995); Yost v. Unemployment Appeals Comm’n, 848 So.2d 1235 (Fla. 2d DCA 2003). However, in this case, the claimant’s own testimony provided competent, substantial evidence that she provided Syncrolift with different social security numbers. Although she claimed to have done so by mistake, the Referee, as the fact finder, was free to find her testimony on this point lacked credibility, and reject her explanation as to why she used these numbers. The hearsay evidence offered by Syncrolift supplemented or explained the evidence offered by the claimant, and provided a different explanation for her use of the numbers. Because the Referee’s findings are based on competent, substantial evidence, they must be accepted by the UAC. See Ford v. S.E. Atl. Corp., 588 So.2d 1039 (Fla. 1st DCA 1991).
The UAC’s order is REVERSED and the case REMANDED for reinstatement of the Referee’s order.
DAVIS and VAN NORTWICK, JJ., concur.