HAWKES, J.
Appellant, His Kids Daycare, appeals the final order of the Unemployment Appeals Commission (UAC), entitling the claimant to unemployment compensation benefits. Appellant argues it was error for the UAC to reject the appeals referee’s findings of fact, and conclude the claimant worked for Appellant in “insured” employment. We agree and reverse.

FACTUAL AND PROCEDURAL HISTORY

Prior to her separation, the claimant worked as an assistant childcare teacher for West Jacksonville Advent Christian Church’s daycare, “His Kids Daycare.” After the claimant’s unemployment compensation claim was denied, she appealed.
At the unemployment compensation hearing, the claimant testified she believed the daycare was operated separately from the church and did not know who owned the daycare, whether the building was used for church services, or'whether the daycare was an outreach program of the church. The claimant also testified she did not know what the term “His Kids” referred to.
*479 In contrast, a church representative testified the daycare used the same federal employer ID number as the church, was governed by the church board, and was operated out of a church owned building that was used for other church activities, and which contained pictures of Jesus and religious phrases on the walls. The representative further testified the daycare employees’ paychecks contained both the church’s and daycare’s name. When asked whether the daycare was operated for religious purposes, the representative answered, “Yes,” and testified it was an outreach ministry for the community. The representative explained that “His Kids” refers to “Jesus’ ” kids.
In the final order, the appeals referee exercised her fact-finding authority to determine the claimant worked for a daycare center, operated and controlled by a church, for religious purposes. Based on these facts, pursuant to sections 443.036(21), and 443.036(27), Florida Statutes, this type of employment was not “insured,” and therefore, the claimant was not entitled to receive benefits.
In spite of the testimony at the hearing, the UAC reversed the appeals referee’s order finding in applicable part that: (1) there was no evidence the church supported the daycare; and (2) the evidence failed to show the daycare was operated primarily for religious purposes. The UAC ruled the claimant worked in “insured” employment and was therefore entitled to wage credits. In doing so, the UAC erred.

BURDEN OF PROOF AND “INSURED” WORK

A claimant has the burden to prove he or she has met the statutory eligibility requirements for unemployment compensation. See Morales v. Fla. Unemployment Appeals Comm’n, 864 So.2d 563 (Fla. 3d DCA 2004); Lewis v. Lakeland Health Care Ctr., Inc., 685 So.2d 876 (Fla. 2d DCA 1996). To be eligible for benefits, a claimant must have been paid wages for “insured” work, which is defined as “employment for employers.” See §§ 443.036(27), and 443.091(1)(f), Fla. Stat. (2004). However, “employment” specifically excludes service performed:
(a) In the employ of:
1. A church or a convention or association of churches.
2. An organization that is operated primarily for religious purposes and that is operated, supervised, controlled, or principally supported by a church or a convention or association of churches.
§ 443.1216(4)(a)(1)-(2), Fla. Stat. (2004).[1]
By basing its decision on a lack of evidence that the church supported the daycare and lack of evidence of a religious purpose, the UAC improperly shifted the burden of proof onto Appellant to prove it was not an “insured” employer. However, even if it had been Appellant’s burden, competent, substantial evidence (CSE) supported the referee’s finding that Appellant was not an “insured” employer.

THE FINDINGS OF FACT WERE SUPPORTED BY CSE

In unemployment compensation proceedings, the appeals referee is the finder of fact, and both the appellate court and UAC “must accept the findings of the appeals referee unless those findings are not based on [CSE].” Walz v. Reggie’s Seafood and BBQ House, 718 So.2d 861, 862 (Fla. 1st DCA 1998); see also *480 § 120.57(1)(l), Fla. Stat. (2004) (providing administrative agency may not .reject findings of fact unless agency states with particularity that findings of fact are not based on CSE). The appeals referee is free to accept or reject all or any portion of any witness’ testimony, and is free to resolve conflicts in the evidence. See Szniatkiewicz v. Unemployment Appeals Comm’n, 864 So.2d 498, 502 (Fla. 4th DCA 2004). The fact that other evidence exists, which would lead to a different conclusion, is of no import. See Fla. Indus. Comm’n v. Nordin, 101 So.2d 890 (Fla. 1st DCA 1958).
Here, in determining the claimant did not work for an “insured” employer, the appeals referee only cited the statutory exception for churches, conventions, or associations of churches. See § 443.1216(4)(a)(1), Fla. Stat. However, this appears to be a typographical omission since the appeals referee found the employer to be the daycare, which was “operated and controlled by” the church for religious purposes. It is the appeals referee’s findings of fact, and not the citation of statutes, which is dispositive. The finding here clearly refers to the exception for organizations operated primarily for religious purposes and that are operated, supervised, controlled or principally supported by a church, convention, or association of churches. See § 443.1216(4)(a)(2), Fla. Stat.
Notably, the UAC did not address the finding that the daycare was “operated and controlled by” the church, and instead, proceeded to determine whether there was evidence to prove the church “supported” the daycare. However, this theory was i{ot advanced below, and thus, the UAC v^as prohibited from considering it. See Szniatkiewicz, 864 So.2d at 502 (holding MAC may not modify facts to reach differ-dpt legal conclusions, rely on facts not established at hearing, nor rely on theories not advanced by one party or anticipated by other party).
The UAC argues it was entitled to reject the finding that the daycare was operated for religious purposes, because it was a legal conclusion. However, “ ‘[a]n agency cannot circumvent the requirements of [section 120.57(Z), Florida Statutes,] by characterizing findings of fact as legal conclusions.’ ” Verleni v. Dep’t of Health, 853 So.2d 481, 484 (Fla. 1st DCA 2003) (citation omitted).
In this case, the UAC wrongfully rejected the appeals referee’s findings, which were based on CSE. Accordingly, we reverse the order of the UAC and direct the UAC to enter an order consistent with the decision of the appeals referee.
REVERSED and REMANDED with instructions.
PADOVANO, and POLSTON, JJ., concur.

. The appeals referee cited to section 443.036(21)(d)(l)(a), Florida Statutes, which no longer exists. However, that section, as it existed in 2002, contained an identical provision to section 443.1216(4), Florida Statutes.