POLEN, J.
This appeal arises from a Unemployment Appeals Commission (“U.A.C.”) decision and final order granting unemployment benefits to Appellee, Beth R. Comanic (“Comanic”) and ordering Appellant, Peace Lutheran Church (“the Church”) to pay unemployment benefits to Comanic. We reverse, finding that the U.A.C. erred in granting Comanic’s claim for benefits where the record does not contain competent, substantial evidence that the Church is a liable employer required to pay unemployment benefits.
Comanic worked as a childcare giver for the Peace Child Care Center, Inc., from June 1996 through October 2002. Peace Child Care Center, Inc., was operated by the Church, and was located on church property. In October 2002, the child care center was taken over directly by the Church after the Peace Child Care Center, Inc., was dissolved, and Comanic was directly employed by the Church until October 2003. The Church terminated Comanic’s employment in October 2003.
On October 12, 2003, Comanic applied to the U.A.C. for unemployment compensation benefits. The U.A.C initially denied Comanic’s claim, on the basis that the child care center “operates primarily for religious purposes and is operated, supervised, controlled, or principally supported by a church or convention or association of churches.” Comanic appealed this initial determination. After a hearing on the matter, an Appeals Referee entered a decision reversing the initial determination, finding that:
The evidence in this case shows that the employing unit is a liable employer. There was not a preponderance of evidence submitted to show that the entity employing the claimant was operated primarily for religious purposes and the entity was operated, supervised, controlled or principally supported by a church or a convention or association of churches. Accordingly, it must be concluded that the employing unit is a liable employing unit.
There were some conflicts in testimony given by the claimant and the employer^] however, testimony provided by the bookkeeper relative to the issue was essentially hearsay upon which a finding of fact cannot be based. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but is not sufficient in itself to support a finding of fact unless it would be admissible over objection in civil actions. Sec *1199 tion 120.57, Florida Statutes; Rule 60BB-5.024(3)(d), Florida Administrative Code. Conflicts in testimony are resolved in favor of the claimant.
The Church appealed this decision to the U.A.C. The U.A.C. affirmed the Appeals Referee’s decision, finding “[u]pon review, the Commission concludes that the record adequately supports the Referee’s findings. Moreover, the Referee’s conclusion is a reasonable application of the pertinent laws to the facts of the case.”
We hold that the U.A.C. erred in granting Comanic’s claim for benefits where the record does not contain competent, substantial evidence showing that the Church is a liable employer required to pay unemployment benefits. “[A]n administrative agency’s action should be sustained on appeal if based upon any acceptable view of the evidence.” Fink v. Fla. Unemployment Appeals Comm’n, 665 So.2d 373, 374 (Fla. 4th DCA 1996). The first district has held that “[i]t is the hearing officer’s function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence.” Heifetz v. Dep’t of Bus. Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985) (citing State Beverage Dep’t v. Ernal, Inc., 115 So.2d 566 (Fla. 3d DCA 1959)).
Individuals are entitled to unemployment compensation benefits when they are terminated by an employer who meets certain characteristics. Section 443.036(21)(c), Florida Statutes (2002)[1] provides: “[t]he term ‘employment’ includes service performed by an individual in the employ or a religious, charitable, educational, or other organization.... ” However,
the term “employment” does not apply to service performed in the employ of: (a) a church or convention or association of churches, or (b) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches.
§ 443.036(21)(d)l, Fla. Stat. (2002).
Although Comanic’s job remained the same throughout her base period[2], her employer technically changed. Specifically, for the first quarter of her base period her pay checks were issued by the Peace Child Care Center, Inc. In the last three quarters of Comanic’s base period, her pay checks were issued directly by the Church. We find that these employers both qualify as non-liable employers under section 443.036(21), Florida Statutes (2002), and will consider both separately.
With respect to the Peace Child Care Center, Inc., the determination to be made is whether it was operated primarily for religious purposes and whether it was operated, supervised, controlled, or principally supported by the Church. The record reflects no disagreement that the now defunct child care center was primarily subsidized by the Church. The only step remaining is determining if the child care center was operated primarily for religious purposes. The evidence on this issue is not disputed. The Church’s bookkeeper testified that the function of the child care center was to take care of children and provide an outreach for the church. See St. Martin Evangelical Lutheran Church *1200 v. South Dakota, 451 U.S. 772, 784-85, 101 S.Ct. 2142, 68 L.Ed.2d 612 (1981) (holding the Federal Unemployment Tax Act section exempting service performed in employ of church, after which Florida molded its ‘unemployment law,’ was meant to apply to schools that have no separate legal existence from the church, and, therefore, employees working within such schools are in employ of the church). Likewise, Co-manic’s testimony that she worked only with small children, performing day-to-day responsibilities, with no direct contact with the Church, is irrelevant in determining the primary purpose of the child care center. St. Martin, 451 U.S. at 783, 101 S.Ct. 2142 (holding FUTA, after which Florida molded its ‘unemployment law,’ “is phrased entirely in terms of the nature of the employer, and not in terms of the work performed or the place at which the employee works”). Further, the employee policy, which Comanic signed, indicates that religious purposes pervade all aspects of the school/day care center.[3] (R. 62). There is no competent, substantial evidence in the record from which this court could affirm the U.A.C.’s decision awarding Comanic unemployment benefits arising from her employment with the Peace Child Care Center.
With respect to the period in which Co-manic was directly employed by the Church, there is no question that the Church is an excluded employer pursuant to section 443.036(21)(d)l(a). Both the Appeals Referee and the U.A.C. appear to have overlooked this obvious fact.
Based on the above, we reverse and remand to the UAC for entry of an order that Comanic be denied unemployment benefits.
GUNTHER and WARNER, JJ., concur.

. The provisions of this section have been moved to section 443.1216, Florida Statutes, with no substantive changes. Comanic's term of employment is controlled by section 443.036.

. "Base period” is defined as the first four of the last five completed calendar quarters immediately preceding the first day of an individual’s benefit year. § 443.036(7), Fla. Stat.

. The U.A.C. argues that this document, the Peace Lutheran School Employee Policy, is inadmissible hearsay because no records custodian testified that such document was kept in the regular course of business. However, the Church asserts that the “adoptive admission” exception to the hearsay rule is applicable. See § 90.803(18)(b), Fla. Stat. (making hearsay exception for a statement offered against a party, which the party has manifested an adoption or belief in its truth). We are persuaded by the Church's argument.