940 So.2d 1248 (2006)
SKILL JEWELRY INCORPORATED, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D05-5485.
District Court of Appeal of Florida, First District.
November 3, 2006.
*1249 Daniel G. Gass of Daniel G. Gass, P.A., Sunrise, for Appellant.
Louis A. Gutierrez, Senior Attorney, Unemployment Appeals Commission, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of a final order of the Florida Unemployment Appeals Commission which reversed the appeals referee's decision that the claimant was not entitled to unemployment benefits because he voluntarily left his employment without good cause attributable to the employer. The Commission reversed on the ground that the referee had relied solely upon hearsay, which was insufficient to rebut the claimant's testimony. Although hearsay is admissible for the purpose of explaining or supplementing other evidence, a denial of benefits cannot be based exclusively on hearsay evidence. Tassone v. Fla. Unemployment Appeals Comm'n, 662 So.2d 1003, 1004-05 (Fla. 1st DCA 1995). We conclude that other non-hearsay evidence was presented at the hearing which supported the referee's findings that the claimant's testimony lacked credibility and that the claimant voluntarily left his employment to accept other work. The Commission must accept the findings of the appeals referee if they are supported by competent substantial evidence. Walz v. Reggie's Seafood & BBQ House, Inc., 718 So.2d 861, 862 (Fla. 1st DCA 1998). Because the referee's decision was supported by competent substantial evidence, we reverse the Commission's order and remand with directions that the Commission reinstate the referee's decision. See Syncrolift Rolls Royce v. Fla. Unemployment Appeals Comm'n, 869 So.2d 639, 640 (Fla. 1st DCA 2004); Tassone, 662 So.2d at 1005.
REVERSED and REMANDED with directions.
WEBSTER, VAN NORTWICK, and PADOVANO, JJ., concur.