940 So.2d 1248 (2006)
Charles Lamar SWITZER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-4349.
District Court of Appeal of Florida, First District.
November 3, 2006.
Martin J. McClain of McClain & McDermott, Wilton Manors, and Barry W. Beroset of Beroset & Keene, Pensacola, for Appellant.
Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
The appellant, following a jury trial, was convicted of conspiracy to traffic in cocaine (count I) and two counts of possession of cocaine (counts II and III). On appeal, the appellant challenges his conviction for conspiracy to traffic in cocaine. Specifically, the appellant asserts the State failed to present sufficient evidence demonstrating his intent to purchase 28 grams or more of cocaine over the course of several years. In response, the State asserts that aggregating the appellant's cocaine buys over the course of several years supports the conspiracy to traffic charge.
While we agree that cocaine buys may be aggregated where the defendant specifically intended to purchase a total of more than 28 grams of cocaine at different times, we disagree that sufficient evidence was presented at trial to establish the appellant formed such an intent. All evidence presented below supported a finding that the appellant was merely a user of cocaine who engaged in multiple buys over the course of several years. This is insufficient to support a conspiracy to traffic charge.
In addition, upon review of the record, we note that the appellant's convictions on counts II and III for simple possession were imposed with adjudication withheld; however, the appellant was sentenced to concurrent prison sentences on all three counts. A trial court may not withhold adjudication if a defendant is given a prison sentence. McClellan v. State, 819 So.2d 946 (Fla. 2d DCA 2002); State v. Oates, 610 So.2d 522, 523 (Fla. 2d DCA 1992); State v. Green, 581 So.2d 1008, 1009 (Fla. 4th DCA 1991); State v. Scarantino, 543 So.2d 399 (Fla. 4th DCA 1989); Fla. R.Crim. P. 3.670.
On remand, we direct the trial court to reverse the appellant's conviction on count I and enter a conviction for the lesser included offense of conspiracy to sell, manufacture, or deliver cocaine. As to counts II and III, we further reverse the appellant's sentences and direct the trial court to resentence the appellant on all counts.
REVERSED.
PADOVANO and THOMAS, JJ., concur.