973 So.2d 1235 (2008)
Barry L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4152.
District Court of Appeal of Florida, Fourth District.
January 23, 2008.
Rehearing Denied March 3, 2008.
*1236 Barry L. Smith, Miami, pro se.
No appearance required for appellee.
PER CURIAM.
Barry Smith appeals the denial of his rule 3.800(a) motion challenging his habitual violent felony offender (HVFO) sentence. Smith argued that the prior convictions on which the state relied as predicates could not be used to qualify him as an HVFO because in each case adjudication was withheld and he successfully completed probation. See Overstreet v. State, 629 So.2d 125 (Fla.1993). Smith attached an unsigned probation order indicating that he was placed on probation and adjudication was withheld in case number 92-32777-B. In response, the state provided a certified copy of Smith's original conviction in that case, which showed that he was adjudicated guilty of armed burglary and additional offenses. This conviction would qualify him for HVFO sentencing.
The trial court concluded that the record provided by the state refuted Smith's claim. The court explained that the document on which Smith relied did not show he was entitled to relief because the trial court in 92-32777-B did not have jurisdiction more than three years after the original adjudication to withhold adjudication for the armed burglary. We agree. See Sanchez v. State, 541 So.2d 1140 (Fla.1989). In addition, contrary to Smith's argument, the trial court had no authority to withhold adjudication on the armed burglary because Smith received more than one year in prison on the original youthful offender sentence imposed in 92-32777-B. As a result, he did not qualify for a withhold of adjudication. See State v. Vedace, 727 So.2d 1079 (Fla. 4th DCA 1999); State v. Davis, 721 So.2d 1243 (Fla. 4th DCA 1998); State v. Oates, 610 So.2d 522 (Fla. 2d DCA 1992).
The denial of Smith's rule 3.800(a) motion is affirmed.
WARNER, KLEIN and TAYLOR, JJ., concur.