DAVIS, J.
Appellant, Cathedral Arts Project, Inc., seeks review of an order of the Agency for Workforce Innovation (now the Department of Economic Opportunity), which dismissed for lack of jurisdiction a portion of Appellant’s appeal from a Department of Revenue tax ruling and which adopted the special deputy’s determination that Appellant is liable for the payment of unemployment compensation tax. Appellant contends that the dismissal was erroneous and that it is exempt from unemployment taxation pursuant to section 443.1216(4)(a)2., Florida Statutes (2009), because it is operated primarily for religious purposes and is controlled by St. John’s Cathedral of Jacksonville. Finding no error in the dismissal of a portion of Appellant’s tax appeal and concluding that competent, substantial evidence supports the special deputy’s determination that Appellant is not operated primarily for religious purposes, we affirm.
As found by the special deputy, Appellant is a nonprofit corporation that was formed in 2000 to promote and support the arts in Jacksonville, Florida by providing instruction in public schools and in after-school programs. Appellant was incorporated by the Chancellor of St. John’s Cathedral. Appellant’s general purposes, as set forth in its Articles of Incorporation, are to exist and operate solely for scientific, educational, and charitable purposes within the meaning of Section 501(c)(3) of the IRS Code and to create spiritual enrichment and personal growth through the promotion and support of the arts in Jacksonville and its surrounding communities. In a 2003 memorandum, Kimberly Hyatt, Appellant’s Executive Director, explained that Appellant was created in response to cutbacks in performing and visual arts instruction in Duval County’s public elementary schools. Appellant’s Board of Directors consists of up to twenty-four lay members and one clergy member. The initial lay directors were elected by the Incorporator, and all subsequent lay directors are to be nominated by the Board *972 of Directors and elected by Appellant’s Members, who are those persons holding the offices of the Rector, Wardens, and Vestry of St. John’s Cathedral.
On July 5, 2008, the Department of Revenue (“Department”) mailed an Independent Contractor Determination to Appellant, informing it that the individuals named therein constituted employees for purposes of unemployment compensation and that it was still required to submit quarterly reports to include the workers and to pay tax on the wages. On July 8, 2008, the Department sent a Special Liability Notice to Appellant, informing it that it had met the liability requirements for unemployment tax and that it was required to file an employer’s quarterly report. Both documents notified Appellant that the determinations would become conclusive and binding within twenty days unless it filed a written protest. According to Stephen D. Busey, Appellant’s in-corporator and St. John’s Cathedral’s Chancellor, the address to which both determinations were mailed was Appellant’s attorney’s address. Appellant did not protest either determination.
In a June 7, 2010, Notice of Determination, the Department, after having completed an audit, informed Appellant that it owed $20,209.80 in unemployment tax for the period between January 1, 2006, and December 31, 2009. Appellant filed a protest letter in response to this determination, arguing that it was exempt from taxation because it operated primarily for religious purposes and was supervised, controlled, or principally supported by St. John’s Cathedral.
During the hearing before the special deputy, Mr. Busey testified that Appellant, which has a different physical location than the Cathedral, “performs spiritual enrichment and personal growth to underprivileged children” in Jacksonville through the arts, which includes dance and music. He further testified that Appellant derives its funding primarily from individuals who either give directly or through the Cathedral and that Appellant’s instruction occurs in the public schools. When asked what he observed with respect to what the instructors do, he replied, “Teachers giving instructions in the arts.” When asked. if Appellant is operated primarily for religious purposes, he replied, “It is.” When asked what type of spiritual instruction the instructors provide, he replied, “They associate the arts that they teach with the Gospel of Jesus Christ.” When asked if the instructors taught only in association with Christianity or in other religions as well, he replied, “I don’t think that it is— the teaching is denomination specific.” When asked if the public school system would allow the teaching to be denomination specific, he replied, “I don’t know what the public school system will allow and not allow.” When asked whether the music that is taught is religious or not, Busey explained that “all forms” of music are taught.
In the recommended order, the special deputy determined that although the testimony provided at the hearing revealed that Appellant was created to be an outreach ministry, it was not shown that Appellant is operated primarily for religious purposes. According to the special deputy, Appellant’s primary purpose is to promote and support the arts in Jacksonville and surrounding communities by providing instruction to students in public schools and in after-school programs. The special deputy also found that it had not been shown that Appellant was operated, supervised, or controlled by a church or that it was principally supported by a church. The deputy concluded that Appellant was not statutorily exempt from unemployment taxation and recommended that Appel *973 lant’s appeal for the period of time prior to July 29, 2008, be dismissed for lack of jurisdiction and that the Notice of Proposed Assessment be affirmed for the period of time beginning July 29, 2008.
Appellant filed exceptions to the recommended order. The Agency for Workforce Innovation (“Agency”) rejected the exceptions and accepted the special deputy’s recommendations, determining that the deputy’s findings were supported by competent, substantial evidence and that the conclusions of law reflected a reasonable application of the law to the facts. It dismissed Appellant’s appeal for the period of time prior to July 29, 2008, for lack of jurisdiction and affirmed the Notice of Proposed Assessment for the period of time after that date. This appeal followed.
Appellant contends that the Agency erred in dismissing its appeal for the period of time prior to July 29, 2008, for lack of jurisdiction. We reject this argument as both the 2008 Independent Contractor Determination and Special Liability Notice informed Appellant of its liability to pay unemployment tax. Yet, Appellant failed to file a written protest in the statutorily prescribed protest period. As a result, both determinations became final and binding. See Fla. Admin. Code R. 73B-10.035(5)(a)l. As such, the Agency did not err in dismissing Appellant’s appeal in part for lack of jurisdiction.
Appellant also contends on appeal that it is exempt from paying unemployment tax under section 443.1216(4)(a)2., which provides that the employment subject to chapter 443 does not apply to service performed in the employ of an organization that is operated primarily for religious purposes and that is operated, supervised, controlled, or principally supported by a church or a convention or association of churches. Our standard of review as to this issue is whether the special deputy’s findings are supported by competent, substantial evidence. See His Kids Daycare v. Fla. Unemployment Appeals Comm’n, 904 So.2d 477, 480 (Fla. 1st DCA 2005). We agree that no competent, substantial evidence supports the special deputy’s finding that Appellant is not controlled by a church. As Appellant’s Articles of Incorporation provide, Appellant’s Board of Directors is elected by its Members, who are those persons holding the offices of the Rector, Wardens, and Vestry of St. John’s Cathedral.
With that said, however, we reject Appellant’s argument that the special deputy’s finding regarding its primary purpose in operating is not supported by competent, substantial evidence. Not only did Kimberly Hyatt’s memorandum state that Appellant was formed in response to cutbacks in performing and visual arts instruction in Duval County’s public elementary schools, Mr. Busey testified that Appellant’s teachers give instruction in the arts to underprivileged children. Although Mr. Busey testified that the instructors associate the arts they teach with the Gospel of Jesus Christ, and although Appellant’s Articles of Incorporation provide that one of its general purposes is to create spiritual enrichment and personal growth, the statute at issue addresses an entity’s primary purpose in operating. While Appellant’s motivation may be religious in nature, its primary purpose in operating, as found by the special deputy and as supported by the evidence, is to give art instruction to underprivileged children.
Contrary to the dissent’s assertion, our analysis of this case is not focused solely upon the service delivered by Appellant. Our focus is on whether competent, substantial evidence supports the special deputy’s finding that Appellant’s primary purpose is to promote and support the arts in *974 Jacksonville and surrounding communities by providing instruction to students in public schools and in after-school programs. Rather than focusing on the question before us, the dissent focuses on Appellant’s motivation. In doing so, it fails to recognize that the Legislature, had it wished to exempt all religious outreach ministries from unemployment taxation, could have easily done so by expressly providing that any outreach ministry, any organization that is operated for religious purposes, or any organization having a religious motivation is exempt. Moreover, even if, as the dissent contends, the question under the statute’s language is “why” the organization provides a service, the evidence in this case supports the special deputy’s finding that Appellant’s primary purpose in providing instruction to students is to promote and support the arts.
While the dissent also reaches the conclusion that control is the “channel marker” for purpose in this case, the exemption at issue looks at two separate and distinct elements: an entity’s primary purpose in operating and its relationship to a church. Thus, contrary to the dissent’s characterization of this case, the fact that Appellant may be controlled by St. John’s Cathedral has no bearing on our determination that competent, substantial evidence supports the special deputy’s finding that Appellant does not operate primarily for religious purposes.
In reaching our conclusion, we reject Appellant’s assertion that our opinion in His Kids Daycare supports reversal in this case. Not only are the facts in that case distinguishable from the facts in this case, given that the daycare at issue was operated out of a church-owned building containing pictures of Jesus and having religious phrases on the wall, we rejected the Unemployment Appeals Commission’s argument in that case that the issue of whether the daycare was operated for religious purposes was a legal conclusion. 904 So.2d at 480. Appellant’s reliance upon the Fourth District’s opinion in Peace Lutheran Church v. State, Unemployment Appeals Commission, 906 So.2d 1197 (Fla. 4th DCA 2005), is similarly misplaced. Not only did the employee policy in that case indicate that religious purposes pervaded all aspects of the school/daycare center, a fact not present in the case before us, the Fourth District found the record devoid of any competent, substantial evidence to support the finding that the center did not operate primarily for religious purposes. Here, as stated, the special deputy’s finding on that point is supported by competent, substantial evidence.[1]
*975 Our opinion today should not be taken to mean that all organizations throughout Florida that provide both religious and secular services are liable for unemployment taxation. It should instead serve as a reminder that organizations claiming a tax exemption under section 443.1216(4)(a)2. have the burden to prove that they operate primarily for religious purposes. Although the dissent concludes that spiritual enrichment is Appellant’s primary purpose, the special deputy, as the finder of fact, found the evidence of such lacking and found instead that Appellant’s primary purpose is secular in nature. Whether or not we would have found differently should have no bearing on our decision in this case.
Accordingly, we AFFIRM.
WETHERELL, J., concurs; SWANSON, J., dissents in part and dissents from the judgment with opinion.

. Not only is this case factually distinguishable from Peace Lutheran Church, we also note that the Fourth District in that case cited St. Martin Evangelical Lutheran Church v. South Dakota, 451 U.S. 772, 101 S.Ct. 2142, 68 L.Ed.2d 612 (1981), in support of its conclusion that the evidence was undisputed that the child care center operated primarily for religious purposes. Yet, in that case, the Supreme Court addressed section 3309(b)(1)(A) of the Federal Unemployment Tax Act, which provides a tax exemption for "a church or convention or association of churches,” not the tax exemption provided for in section 3309(b)(1)(B) for an organization which is operated primarily for religious purposes. 451 U.S. at 784, 101 S.Ct. 2142. It should also be noted that while the Fourth District in Peace Lutheran Church cited St. Martin a second time for the proposition that the Federal Unemployment Tax Act is framed entirely in terms of the nature of the employer and not in terms of the work performed or the place at which the employee works, the Supreme Court in that case stated such in relation to section 3309(b)(1)(A). Id. at 783, 101 S.Ct. 2142; see also Bach v. Steinbacher, 80 Ohio App.3d 461, 609 N.E.2d 607, 608-09 (1992) (holding that the appellant's reliance upon St. Martin in arguing about whether the employer operated primarily for religious purposes was misplaced given that the Supreme Court *975 analyzed section 3309(b)(1)(A), not section 3309(b)(1)(B)).