SWANSON, J.,
dissenting in part, and dissenting from the judgment.
I respectfully dissent.
The facts of this case are simple. The outcome is troublesome.
Cathedral Arts Project (hereinafter “Cathedral Arts”) is a Florida not-for-profit corporation. It was incorporated in 2000 by St. John’s Episcopal Church in Jacksonville, Florida, as an outreach ministry of the Church. According to the incorpo-rator, “[i]t performs spiritual enrichment and provides personal growth to underprivileged children in Jacksonville, Florida, through the arts.” This ministry provides an arts program within the public schools for youngsters who would otherwise be deprived of those educational opportunities.
The issue in this appeal is whether Cathedral Arts is exempt from the Florida Unemployment Compensation Tax pursuant to a statutory exception for religious organizations. Section 443.1216(4)(a)2., Florida Statutes (2009), contains only two requirements for qualifying corporations to be exempt from paying unemployment compensation taxes: [a]n organization that is [1] operated primarily for religious purposes and that is [2] operated, supervised, controlled, or principally supported by a church or a convention or association of churches. Cathedral Arts operates primarily for religious purposes and is controlled by St. Johns Episcopal Church, thus meeting both requirements.
The majority agrees that Cathedral Arts meets the second part of the statutory test because it is controlled by the Church. The majority misinterprets the plain meaning of the first part of the statute, however, which specifically focuses only upon the “primary purpose” of the organization. Rather than focus on the “primary purpose” of the organization, the majority takes a non-textual approach in focusing solely upon the service delivered. The statute is neutral as to the type of service an organization provides; it speaks only in terms of the purpose of the organization. The legal question under the statute’s language is “why” the organization provides the service (i.e., its purpose) and not “what” the organization provides (i.e., arts instruction, food bank, etc.).
Spiritual enrichment is not simply one of Cathedral Arts’ purposes, it is its primary purpose. Cathedral Arts’ goal, objective, and end are to provide opportunities for underprivileged children, through the arts, to achieve spiritual enrichment. Instruction in dance, music, and the arts constitutes the means by which Cathedral Arts seeks to promote that spiritual enrichment *976 and personal growth in the lives of these children.
Spiritual enrichment is not a secular concept. To the contrary, it is, in this instance, a manifestation of a religious mission. Cathedral Arts teachers “associate the arts that they teach with [faith and spirituality]” and “instruct students in dance and music as being expressions of the beauty of the world that is brought to us by [faith and spirituality].”[2]
The Department of Economic Opportunity minimizes Cathedral Arts as an outreach ministry of the Church and concludes the ministry is not operated primarily for religious purposes. What other primary purpose, goal, objective, or end can an outreach ministry of a church have?
The outcome in this case creates an intolerable “Catch-22” for Cathedral Arts and all other ministries that reach out in support of the underprivileged in our public schools or other public institutions. On the one hand, the majority opinion concludes Cathedral Arts’ purpose is not religious enough to qualify for the statutory exemption. On the other hand, if Cathedral Arts was overly zealous and religious in the service provided (for example, if their stated purpose was to proselytize or advance a particular theological doctrine), it would no doubt be declared unconstitutional for it to provide this program for disadvantaged students in the public schools altogether. Catch-22.[3] Interpretive action taken by the Department of Economic Opportunity in this case constructs a secular road block to a faith based outreach ministry that is inconsistent with a plain reading of the statute. This result is also inconsistent with a statewide tradition of tax exempt faith based initiatives designed to help the disadvantaged.
While spiritual enrichment is Cathedral Arts’ primary purpose, it recorded other purposes in its Articles of Incorporation in order to mirror requirements contained in the Internal Revenue Code. That effort to qualify for certain federal tax exemptions does not detract from the primary purpose.
The majority acknowledges Cathedral Arts’ “motivation may be religious in nature.” The motivation or driving force of an organization can be synonymous with its primary purpose. In this case, Cathedral Arts’ motivation is religious. Similarly, its primary purpose is religious.
The majority concedes, and I agree, there is church control over Cathedral Arts. Cathedral Arts’ Articles of Incorporation provide the organization’s Board of Directors be elected by its “members.” Those “members” are “the Rector, Wardens and Vestry of St. John’s Parish at Jacksonville, Florida,” and comprise the governing body of St. John’s Episcopal Church. The governing body of the Church has the power to elect the board of directors for Cathedral Arts. While the “members” might not control the day-today operations of Cathedral Arts and may not dictate how directors vote on issues, it is clear they possess overall control.
The majority opinion is inconsistent in finding the Church controls Cathedral Arts, but that Cathedral Arts does not operate with a primarily religious purpose. Control is the channel marker for purpose. Cathedral Arts, as an outreach ministry, is an arm of the Church with a purpose that is no less religious than that of the Church itself.
*977 Finally, the majority opinion is in direct and clear conflict with Peace Lutheran Church v. State, Unemployment Appeals Commission, 906 So.2d 1197 (Fla. 4th DCA 2005), where the Fourth District found the evidence undisputed with respect to primarily religious purpose, and that “the function of the child care center was to take care of children and provide an outreach for the church.” Id. at 1199 (emphasis added). That type of outreach is the primary purpose in this case, as Cathedral Arts is an outreach ministry controlled by the Church. It operates with the same overall motivation or purpose as the church controlling it. Finding church control supports the conclusion that Cathedral Arts’ primary purpose is religious.
I conclude Cathedral Arts should be exempt from the Florida Unemployment Compensation Tax, pursuant to the statutory exception for religious organizations under section 443.1216(4)(a)2.

. See Transcript of the telephonic hearing held on May 9, 2011, page 47.

. Joseph Heller, Catch 22 (Simon and Schus-ter 1961).