PER CURIAM.
Jeverious Franklin was charged in three cases with burglary of a dwelling, and in a fourth case with burglary of a dwelling and grand theft of a motor vehicle. In each case, the trial court withheld adjudication of guilt and sentenced Franklin as a youthful offender to eighteen months’ incarceration followed by forty-two months’ probation, to be served concurrently. Based upon the trial court’s withholding adjudication of guilt, the Department of Corrections filed the instant petition for a writ of certiorari, arguing the sentences imposed were illegal. We assume the trial court was provided with that petition and, in any event, recognized the problem with the sentence as it brought Franklin back for resentencing and reduced the eighteen-month sentence to 364 days in jail. The trial court did not alter the probationary portion of the sentence.
The Department of Corrections correctly asserts the original sentences were illegal. It is improper, whether the sentence is pursuant to the Florida Youthful Offender Act[1] or otherwise, to withhold adjudication of guilt when sentencing a defendant to the Department of Corrections. State v. Dishman, 5 So.3d 773 (Fla. 4th DCA 2009); Switzer v. State, 940 So.2d 1248 (Fla. 1st DCA 2006); State v. Davis, 721 So.2d 1243 (Fla. 4th DCA 1998); State v. Oates, 610 So.2d 522 (Fla. 2d DCA 1992).
Based upon the resentencing, the State asserted that the issue had become moot. Ordinarily, we would agree and dismiss the petition for writ of certiorari by order. However, of late, we have seen a number of cases with the same sentencing infirmity. Because it is an issue that has reoc-eurred and appears likely to be repeated, we feel it appropriate to instead dismiss the petition as moot by opinion. See Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla.1984).
PETITION DISMISSED.
ORFINGER, C.J., PALMER and COHEN, JJ., concur.

. §§ 958.011-. 15, Fla. Stat. (2011).