PER CURIAM.
The Florida Department of Corrections (“DOC”) filed a petition for writ of certiorari to quash the trial court’s order that withheld adjudication of Charles D. Williams, but sentenced him as a youthful offender to thirty months in prison for each of thirteen felonies, to run concurrently, with the incarceration as a condition of probation (five years). Because the sentence is illegal and the State properly concedes error, we grant the petition.
In order to grant a petition for certiorari, the DOC must establish: (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal. See Citizens Prop. Ins. Corp. v. San Perdido Ass’n, Inc., 104 So.3d 344, 351 (Fla.2012). Section 958.04(2)(b), Florida Statutes, provides, in part, that:
The court may impose a period of incarceration as a condition of probation or community control, which period of incarceration shall be served in a county facility, a department probation and *44 restitution center, or a community residential facility that is owned and operated by any public or private entity providing such services...
§ 958.04(2)(b), Fla. Stat. (2008) (emphasis added). The statutes does not contemplate prison for Mr. Williams’s situation; and because adjudication was withheld, Mr. Williams’s assignment to prison is a departure from established law. See also Dep’t of Corr. v. State, 113 So.3d 950 (Fla. 5th DCA 2013) (“It is improper, whether the sentence is pursuant to the Florida Youthful Offender Act or otherwise, to withhold adjudication of guilt when sentencing a defendant to the Department of Corrections.”). In addition, section 958.04(2)(b) provides that “[placement in such a facility or center may not exceed 364 days.” Mr. Williams’s term of thirty months, or 912.5 days, is about 150% more time than allowed by statute, which is also a departure from the essential requirements of law.
The DOC argues that, as a non-party, it cannot appeal the trial court’s order even though it adversely affects its interest, i.e., being forced to pay the cost of Mr. Williams’s incarceration rather than the county jail or other detention center. This Court has recognized that “[a] person need not necessarily be a party to a proceeding in order to obtain certiorari review if he has sufficient interest in the subject matter of the order.” State ex rel. Boyles v. Fla. Parole & Prob. Comm’n, 436 So.2d 207, 210 (Fla. 1st DCA 1983); Smith v. Chepolis, 896 So.2d 934, 936 (Fla. 1st DCA 2005) (“a nonparty who is adversely affected by an order may be entitled to review by certiorari.”). The DOC’s monetary interest is sufficient and it has no other mechanism for appellate review. Thus, we grant the DOC’s petition for certiorari and remand the case back to the trial court for further proceedings consistent with this opinion.
GRANTED.
LEWIS, C.J., WOLF, and MAKAR, JJ., concur.